Eliza McKeon, Respondent, *v.* William S. See, Appellant.

Upon a cause being moved for trial before a court without a jury, defendant objected that the question was one of fact and that he was entitled to a jury trial. The objection was overruled. *Held*, no error; that although the case may have been one entitling defendant to a jury trial, yet having based his objection upon an untenable ground, he must be confined to it.

At the close of the testimony defendant moved for a nonsuit upon the ground that he was entitled to a jury trial by article 1, sec. 2 of the State Constitution, which motion was overruled. *Held*, no error; that it was not a ground for a nonsuit, and it was then too late to raise the objection.

Defendant carried on a manufactory in a building adjoining two buildings owned by plaintiff. Defendant's machinery was run by steam power, and its operation produced a jarring and shaking of plaintiff's buildings to their injury and to the annoyance of the occupants. Plaintiff's houses had been leased by defendant for ten years, and the alleged nuisance was erected and put into operation during the existence of the lease. Fourteen days after the lease expired plaintiff brought an action to restrain defendant from the use of his steam power. Plaintiff's evidence

as to the injurious effects to his premises was confined to the effects produced during the existence of the lease.  *Held*, that plaintiff was entitled to a judgment enjoining defendant from so conducting his business as thus to injure the plaintiff, that plaintiff was not bound to take measures to abate the nuisance during the existence of the tenancy, and his delay in commencing suit until the termination thereof was no *laches ;* and that the fact that the premises were leased in no way affected the competency or weight of the evidence as to the injuries sustained.

(Argued September 20, 1872 ; decided January term, 1873.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, modifying a judgment in favor of plaintiff rendered by the Special Term. (Reported below, 4 Robt., 449.)

This action was brought by the plaintiff, who was the owner of two houses and lots on Bleecker street, in the city of New York, to restrain the defendant from the use of his steam power, used in a marble factory on the corner of Bleecker and Banks streets. The judge, before whom the cause was tried without a jury, found the following facts :

1st. Plaintiff is the owner of the two houses and lots of land described in the complaint, and in the receipt of the rents, issues and profits thereof.

2d. That the defendant is the owner and in possession of the building and premises, also described in the complaint, and adjacent to the said houses of the plaintiff.

3d. That the said building of the defendant is used and occupied as a marble factory, for the purpose of sawing blocks of marble into slabs ; that said factory contains machinery for the purpose of such manufacture, which machinery is propelled by steam power, located in said building.

4th. That the action of such machinery produces a jarring and shaking of the said houses of the plaintiff, injuring the same and amounting to a private nuisance.

5th. That by reason of such jarring and shaking, the plaintiff has sustained damage to the amount of $967.

And, as conclusions of law, that the plaintiff is entitled to judgment against the defendant :

1st. That the defendant be perpetually enjoined and restrained from carrying on the business in the said building and premises of manufacturing and sawing marble, by means of machinery propelled by steam power; or of any other kind of business requiring the use of machinery propelled by steam power.

2d. That the plaintiff recover from the defendant the sum of $967 for her damages in this action.

3d. That the plaintiff recover of the defendant her costs of this action, to be taxed.

On appeal, the General Term modified this judgment, in so far that it reversed the judgment for $967 damages, and qualified the injunction so that it restrained the defendant "from sawing and manufacturing marble, and carrying on the business thereof, in the building and premises last above mentioned, and adjoining the plaintiff's premises on the north, by means of the propulsion of the machinery therein, as mentioned in the complaint, by force of steam, in the manner in which and with the effect with which such machinery has heretofore been propelled by steam, as set forth in the complaint; and also from carrying on any other kind of business in such building and premises by means of the propulsion of such machinery by the force of steam, applied and used in the manner set out in the complaint, so as to interfere with the use and enjoyment by the plaintiff of her aforesaid premises, or injure the same, or produce the injurious effects set forth in the complaint, and found by this court, in its decision at Special Term, as facts."

The further facts, necessary to be understood, are stated in the opinion.

*Sidney S. Harris* for the appellant. Plaintiff could not maintain an action against defendant for any acts done before May 1, 1863. ( *White* v. *Cohen,* 19 Eng. L. and Eq., 146; S. C., 2 Drew, 312; *Mumford* v. *Oxford,* 36 Eng. L. and Eq., 580; *Simpson* v. *Savage,* 37 id., 374.) Plaintiff's acquiescence for nine years in defendant's use of the premises deprived her

of the remedy by injunction. (*Sprague* v. *Steele*, R. I., 247, and cases cited; *Williams* v. *Earl of N. J.*, 1 Cr. & Ph., 91; Story Eq. Jur, 959, *a;* 1 Joyce on Injunctions, 102; *Coles* v. *Diruskay*, 56; 5 De G., M. & G., 1; *G. W. Ry.* v. *Oxford*, 3 De G., M. & G., 355, 356, 359, 360, 363; 3 id., 328.) In order to recover, plaintiff's rights must be certain and ascertained, and there must be a palpable violation of them. (*Olmsted* v. *Loomis*, 6 Barb., 160; *Fisk* v. *Wilber*, 7 id., 395.) Plaintiff was not entitled to an injunction. No irreparable damage was shown. (1 Joyce on Injunctions, 126; *St. Helens Smelting Co.* v. *Tipping*, 1 Ch. App., 66; S. C., 11 H. L. Cases, 642; *Galtke's Case*, 6 R. W. Cases, 371; *Bradley's Case*, id., 551; *Radcliff* v. *The Mayor*, 4 Comst., 195, 200; *Attorney-General* v. *Sheffield Gas Co.*, 3 De G., M. & G., 304; *Brand* v. *Hammersmith* [L. R.], 2 Q. B., 246; *Hole* v. *Barlow*, 4 C. & B. [N. S.], 334; *Penny's Case*, 7 E. & B., 660; *Van Bergen* v. *Van Bergen*, 3 J. Ch., 287; *Thompson* v. *Matthews*, 2 Edw. Ch., 212; *Attorney-General* v. *Nichol*, 16 Ves., 338; *Milham* v. *Kemp*, 28 Barb., 228; *Fisk* v. *Wilber*, 7 id., 395; *Olmsted* v. *Loomis*, 6 id., 100; *Brady* v. *Weeks*, 3 id., 157; *Murray* v. *Hay*, 1 Barb. Ch., 65.) Defendant was entitled to a trial by jury. (*Hudson* v. *Caryl*, 44 N. Y., 553; *Murray* v. *Hay*, 1 Barb. Ch., 65; *Mohawk B. Co.* v. *Utica and S. R. R. Co.*, 6 Paige, 563; *Rogers* v. *Barker*, 31 Barb., 447; 47 N. H., 71; *Kirkham* v. *Handy*, 11 Hump., 406; 1 Grant, 412; *Attorney-General* v. *Tel. Co.*, 5 Law Times [N. S.], 328; *Cleeve* v. *Maloney*, 9 Wend., 882; *Wason* v. *Sanborn*, 45 N. H., 171; *Davis* v. *Morris*, 36 N. Y., 569; *Bradley* v. *Aldrich*, 40 id., 504; Code, §§ 55, 266.)

*John E. Burrill* for the respondent. The findings of fact were warranted by the evidence, and are conclusive upon this court. (*Borst* v. *Spelman*, 4 N. Y., 284; *Western* v. *Genesee Ins. Co.*, 12 id., 258; *Griscom* v. *The Mayor*, id., 586; *Cady* v. *Allen*, 18 id., 573; *Ostrander* v. *Fellows*, 39 id., 350.) The reversal by the court below of the judgment,

so far as it awarded damages, did not affect plaintiff's rights to an injunction. (28 How. Pr. R., 238; 2 Story Eq. Jur., 238, §§ 925, 927; *Niagara Br. Co.* v. *G. W. Ry. Co.*, 39 Barb., 212; *Beckwith* v. *Griswold*, 29 id., 291; *Knox* v. *The Mayor*, 55 id., 407; *Davis* v. *Lambertson*, 56 id., 485; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y., 111.) The fact that the business is lawful, and conducted with care and skill, is no excuse or justification as respects the injury to plaintiff's buildings. (*Fish* v. *Dodge*, 4 Den., 315; *Bull* v. *Flagler*, 23 Wend., 356; *Baptist Church* v. *Schenectady Co.*, 5 Barb., 79; *Dennis* v. *Eckhart*, 2 Am. L. R. [N. S.], 167; *Norcross* v. *Thoms*, 51 Me., 503.) The court did not err in refusing to grant defendant a trial by jury. (*Barlow* v. *Scott*, 24 N. Y., 40; *N. Y. Ice Co.* v. *West. Ins. Co.*, 23 id., 357; Code, §§ 253, 254; Sup. Ct., rule 40.) The findings of the court were sufficient to authorize judgment. (*Brainerd* v. *Dunning*, 30 N. Y., 211; *Grant* v. *Morse*, 22 id., 323; *Lefler* v. *Field*, 50 Barb., 407; *Rice* v. *Isham*, 1 Keyes, 46.)

Hunt, C. A preliminary objection is now made, to wit, that the case should have been tried by a jury, and not by the judge alone, without a jury. I have not examined that question upon its merits, because I am of the opinion that it does not properly arise in this case.

The case states that when the cause was called the defendant's counsel demanded a trial by jury, and objected to a trial before the court, without a jury, on the ground that the question in the case is a question of fact, and the defendant was entitled to a jury trial. The request was declined and the defendant excepted. The circumstance that the question involved was one of fact gave no right to a jury trial. Questions of fact are triable before the court as well as before a jury; and cases involving questions of law are often triable before a jury. The defendant did not ask for a jury trial on the ground or for the reason that the case was one theretofore accustomed to be tried by a jury, but simply because it involved a question of fact. If he had placed him-

self upon the other ground, and called attention to the law on that subject, it is quite possible that the judge would have granted his request. At all events he would have considered the point now presented, but to which his attention was not called, and which he did not consider or decide. It is quite possible, also, that if the defendant had simply demanded a trial by jury, placing himself upon no particular ground, he would have been entitled now to raise the question. But by selecting his precise theory, and calling the attention of the court to that, and that only, he limited himself to that theory and cannot now go beyond it. When the testimony was closed the defendant moved for a nonsuit on the ground, among others, that the defendant was entitled to a jury trial by article 1, section 2 of the Constitution of this State. This, however, was not a ground of nonsuit after a case had been tried upon its merits, and without earlier calling attention to the point. It was too late. These answers to the objection that the trial should have been by a jury are not technical merely. They are substantial. It is of importance that the points intended to be taken on appeal should be taken on the trial. It is important that the judge should know what he is called upon to decide, and what is the theory of the objector. It is important, also, that the other side understand the objection and its point. This case illustrates it. The defendant asks for a trial by jury, on the ground that the question is one of fact. The plaintiff's counsel, believing that this is not a good reason for such a request, resists the motion and takes a ruling to that effect. If the defendant had taken at the outset the point taken on the motion for a nonsuit, that, by the Constitution, the defendant was in such case entitled to a trial by jury, the plaintiff might have seen the pertinency of his request and yielded to the suggestion. It is quite unreasonable that after a trial had on an appeal a different point should be presented, and the plaintiff compelled to submit to a result not contemplated, and on a theory not suggested by either party, when he was called to act on the question. To grant a new trial at this

stage, upon a theory not suggested at the proper time, would be an injury and a wrong to the plaintiff.

It is to be observed, also, that the right of trial by jury is only pertinent when damages are claimed. By the action of the General Term the damages are all stricken out. No damages exist. The defendant has all on that point that a jury could give him. This is a sufficient answer to the claim for a trial by jury.

The facts, as returned by the judge, are to be assumed by us as the facts of the case. We assume, then, that the defendant is the owner and occupier of the manufactory on the corner of Bleecker and Banks streets; that he runs it by steam power; and that its operation produces a jarring and shaking of the plaintiff's houses, which injures them and which amounts to a nuisance. Assuming these facts to exist, the conclusion follows legitimately, as announced by the court, that the defendant should be enjoined from carrying on this business in such manner as to produce these injurious effects.

In *Fish* v. *Dodge* (4 Denio, 311) it was held that where one carried on the business of finishing steam boilers in the compact part of a city, whereby the occupant of an adjoining dwelling was annoyed by the noise and dust, that such occupant might maintain an action against the manufacturer. The rule is laid down by Judge Bronson that it is not necessary to the right of action that the owner should have been driven from his dwelling; it is enough that the enjoyment of life and property has been rendered uncomfortable. He says, also, "Although the manufacturing of steam engine boilers is a lawful business, it was carried on in such a manner in this case as to make it a great annoyance to the plaintiff, and she is, undoubtedly, entitled to redress by action."

In *Tipping* v. *St. Helens Smelting Company* (4 Best & Smith, Q. B., 116 Eng. C. L. R., 608) the principle was largely discussed; and the judgment, at *nisi prius* and in banc, was affirmed in the Exchequer Chamber. (Id., 615.) That was

an action for an injury to the plaintiff's dwelling-house, caused by noxious vapors proceeding from defendant's smelting works. The judge, at *nisi prius*, laid down the law thus : " That every man is bound to use his own property in such manner as not to injure the property of his neighbor; * * * that, in an action for nuisance to property by noxious vapors arising on the land of another, the injury, to be actionable, must be such as visibly to diminish the value of the property, and the comfort and enjoyment of it." The jury found for the plaintiff £361 18s. 1½d., adding, in answer to questions put by the court, first, that the enjoyment of the plaintiff's property was sensibly diminished; second, that the business carried on by the defendants was an ordinary business for smelting copper, and conducted in a proper manner, in as good a manner as possible; and, third, that it was not carried on in a proper place. The verdict rendered upon these instructions and these findings was sustained.

Upon a further appeal to the House of Lords the judgment was again affirmed after a learned discussion by Lord Cranworth, Lord Chancellor Westbury and others. (See 5 Am. L. Reg. [N. S.], 104; see, also, the case of *Dennis* v. *Echardt*, 2 id., 167.)

These cases fully sustain the principle upon which the recovery was had in the present case. If the injury amounts to a nuisance, and a continuing one, the appropriate remedy is by a bill for an injunction. ( *Williams* v. *N. Y. Central R. R. Co.*, 16 N. Y., 97, 111, Selden, J.; 2 Story Eq. J., §§ 925–927, and the numerous cases cited in the notes to the tenth edition.)

The action was tried about two years after the expiration of a lease for ten years which the defendant had previously had of the plaintiff's houses, the alleged nuisance having been erected during the existence of the lease. The suit was commenced within fourteen days after the expiration of the lease. I do not see that the plaintiff was under the necessity of taking any measures to abate the nuisance until he came into the possession of his property. While under lease, the injury

was not to him, but to the lessee, and he could not know that the defendant intended to continue the injury after the termination of his lease. When he found that it was so continued, he took measures for redress with promptness.

The defendant objects, in his brief, that all of the testimony given of the injurious effects of the jarring and vibration of the machinery, was of such effects during the lease. This was a question of evidence, and of the weight and effect of evidence. The circumstance that there was a lease upon the premises was of no consequence in determining the extent and effect of an injury by jarring or shaking. The tangible injury would be the same, whether the houses were under a lease or were in the occupation of the owner. Evidence that the walls were jarred and furniture shaken and injury produced on the 20th of April, during the continuance of the lease, would no doubt be quite satisfactory to the jury that the same cause would produce the same effect on and after the first of May, when the lease was at an end. The evidence of the effects, although occurring before May 1, 1863, was competent, and was deemed by the jury to be sufficient. The portion of the judgment giving damages for injury during the lease, if any such were given, as well as for damages occurring after suit commenced, are stricken out by the General Term. The judgment remaining is that awarding an injunction, and to this end the evidence was competent and sufficient.

It is said by the defendant that the premises of the plaintiff had been converted into a factory, and that there was no evidence that, as factory premises, they sustained any injury from the defendant's machinery, and therefore the injunction should not be sustained. No such point or suggestion was made in the pleadings or on the trial, and among the seven grounds on which the defendant asked for a nonsuit, this does not occur. The evidence was introduced for another purpose, to wit, to show that the present rental value, if thus occupied, would not be affected by the machinery. It was upon the question of damages that the evidence was given, and it had

no reference to the question of the right to have an injunction. No attention was called to it except on this point, and no question or exception was made by which an error in law can be suggested in this appellate court.

These considerations embrace the most important questions that are presented to us, and, upon a review of the whole case, I am satisfied that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.