ELISHA RUCKMAN, Plaintiff, *v.* JOHN GREEN, Defendant.

*Nuisance — action for damages caused by, maintainable though the cause thereof is situated out of this State — vacant lots — damage occasioned to, by.*

An action may be maintained in this State for an injury to lands situated herein, though the business which occasions the injury and constitutes the nuisance complained of, is carried on upon lands situated in the State of New Jersey.

The fact that the premises alleged to have been injured consist of vacant lots does not affect the right to maintain an action to recover the damages sustained thereby; such fact bears only upon the nature and extent of the damages.

An action may be maintained by an owner of vacant lots to recover damages for the injuries occasioned thereto, by the offensive and noxious smells emitted from bone boiling establishments, whereby the production and market value of the lands have been depreciated, and the lands rendered unsaleable, unproductive, unwholesome and unfit for residence or occupation, and whereby he has been hindered and prevented from deriving any revenue or profit therefrom, and from improving or selling the same for building sites.

Motion for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a nonsuit directed by the court.

This action was brought by plaintiff, a resident of this State, against defendant, who is also a resident thereof.

The action was brought to recover damages to the plaintiff's lands, caused by a bone and offal boiling establishment erected by and belonging to defendant upon lands situated in the State of New Jersey. The plaintiff's lands are on the palisades, on the Hudson river, suitable for suburban residences, 1,300 acres being in New Jersey and 200 acres in the State of New York.

The complaint alleges the erection and operation of this factory by defendant, and the generation of offensive and unwholesome gases and smells impairing the use and enjoyment of the plaintiff's land, and to such an extent as to prevent the sale thereof at advantageous prices to persons named and others.

The answer admits the ownership of the land, and the erection and operation of the factory.

The plaintiff proved the nuisance and was proceeding to prove his case, as alleged in his complaint, when he was interrupted by an objection to the evidence. The court excluded the evidence and subsequently dismissed the complaint, to which plaintiff duly excepted.

The court directed the exceptions to be heard in the first instance at General Term.

*E. A. Doolittle*, for the plaintiff. The allegations of the complaint are sufficient to maintain the action. (*Rex* v. *White*, 1 Burr., 333; *Rex* v. *Neel*, 2 Carr. & P., 485; *Catlin* v. *Valentine*, 9 Paige, 575; *McKeon* v. *See*, 4 Robt., 449; *Frances* v. *Schoellkopf*, 53 N. Y., 152; Wood on Nuisances, §§ 4–9, pp. 331, 332, 485–494, 515–540; *St. Helen's Co.* v. *Tipping*, 11 House of Lords Cases, 642; *Pickard* v. *Collins*, 23 Barb., 445.) The action was rightly brought in this State. All actions for injuries to real property, whether the remedy sought be legal or equitable, must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial. (1 Wait's Practice, 182; Code, §§ 123, 126; Story's Conflict of Laws, §§ 466, 554; *Watts* v. *Kinney*, 23 Wend., 484; affirmed, 6 Hill, 82; *Graves* v. *McKeon*, 2 Denio, 639; *Eachus* v. *Ill. and Mich. R.*

*R.*, 17 Ill., 434; *Wooster* v. *Winipisiogee Lake Co.*, 5 Foster, 525; *Northern R. R.* v. *Mich. Cen.*, 15 How. [U. S.], 232, 242, and ref.; *Morris* v. *Remmington*, 1 Pars. Eq.; *Moyslyn* v. *Fabrigas*, 1 Smith's Lead. Cas., 340; *Scott* v. *Shepperd*, 2 Wm. Black., 892; *Hamermund* v. *Erie R. Co.*, 48 How. Pr., 55; *State* v. *Lord*, 16 N. H., 357; *Forest* v. *Talman*, 117 Mass., 109.) Prevention of sale or impairment of market value constitute special damages. (*Kendall* v. *Stone*, 1 Seld., 14; Sedg. on Damages, 144; *Bathriskiel* v. *Reed*, 37 Eng. L. and Eq., 320; *Smith* v. *Peet*, 9 Exch., 160, 166; Addison on Torts, 67, 203; 2 Greenl. Ev., §§ 469, 470; *Jeffer* v. *Gifford*, 4 Burr., 2, 141; *Francis* v. *Schoellkopf*, 53 N. Y., 152.) If this court did not have jurisdiction defendant should have demurred. (Code, § 144; *Scott* v. *Shepperd*, 2 Wm. Black., 892; *Hotchkiss* v. *Elting*, 36 Barb., 38.)

*Moses Ely*, for the defendant. The business of which the plaintiff complains was, in itself, a perfectly legal one. And as plaintiff claimed and had no easement in defendant's land, by virtue of which he might restrain or control any use to which they might be put, the act complained of was not, in itself, an invasion of his rights. (*Plank-road Co.* v. *Douglass*, 5 Seld., 444; *Mahon* v. *Brown*, 13 Wend., 261; *Shrunk* v. *Navigation Co.*, 14 Ser. & R., 71–84; *Thurston* v. *Hancock*, 12 Mass., 220.) Neither were defendant's lands so far subservient to plaintiff's as by nature, that there might not lawfully be carried on upon them any business which would not substantially damage plaintiff's property or render the enjoyment of it uncomfortable. For that reason, also, the sending adrift the odors complained of was not of itself a violation of any right of plaintiff for which an action would lie, even for nominal damages. (*Commonwealth* v. *Upton*, 6 Gray, 473; *Sparhawk* v. *Union Passenger Co.*, 54 Penn., 401; *First Baptist Church, etc.*, v. *R. R. Co.*, 5 Barb., 79; *Fish* v. *Dodge*, 4 Denio, 311; Gale on Easements, 448 [293]; 1 Hilliard on Torts [4th ed.], 584, § 6, and note *b*, 585, 590; *Bell* v. *Ohio, etc.*, 25 Penn., 161; *Brady* v. *Weeks*, 3 Barb., 157; *Linden* v. *Graham*, 1 Duer, 670.) Defendant's objection, upon which the court acted in excluding the offer, was to the " evidence " by which it seems to have been proposed to sustain it. What that evidence was does not appear by the case,

and the court of review cannot say that it was error to exclude it. Besides, the offer was an entirety and each and every part (that is the whole) of it was rejected and there is but a general exception thereto. As the offer embraced several distinct propositions, it was unavailing if either was inadmissible. (*Halsey* v. *Black,* 28 N. Y., 438; *Hargar* v. *Edmonds,* 4 Barb., 256; *Stevens* v. *Rhinelander,* 5 Robt., 285.) This is in strict analogy to the principle recognized in *Walsh* v. *Kelly* (40 N. Y., 556); *Hodges* v. *Cooper* (43 id., 216); *Palmer* v. *Holland* (51 id., 416); *Cothlin* v. *Dinsmore* (4 Trans. App., 386; 3 Wait's Pr., 182, and cases there cited). Loss of particular sales was too remote. It was not the natural and proximate result of the act complained of. (*Terwillager* v. *Wands,* 17 N. Y., 54; *Griffin* v. *Colver,* 16 id., 489–495; Sedg. on Mea. of Dam. [6th ed.], 66; 2 Greenl. on Ev., 210; *Wilson* v. *Goit,* 17 N. Y., 442; *Ryan* v. *N. Y. C. R. R. Co.,* 35 id., 210.)

DAVIS, P. J.:

It appears by the certificate of the clerk that exceptions in this case were ordered to be heard in the first instance at the General Term, and although an appeal seems to have been taken on the part of the plaintiff, from the order made by the judge in granting the nonsuit and dismissing the plaintiff's complaint, yet that may be disregarded and the case treated as if here on the motion for new trial only.

It does not appear in the case on what ground the motion for nonsuit was made and granted. The case fails to state, whether after the offer of the plaintiff of certain evidence was ruled out, other evidence was offered by the plaintiff. The plaintiff's counsel claims, and that probably was the case, that the court excluded the evidence and granted the motion for nonsuit, on the ground of want of jurisdiction to try the action. It appeared that the defendant was the owner of and carried on a bone boiling establishment; that this establishment was situated at the foot of the palisades near the State line, between New York and New Jersey, but wholly in the State of New Jersey; that the plaintiff was the owner of a large tract of land contiguous to the establishment of defendant, part of which was situated in New Jersey, and part (being about 200 acres)

in New York. Proof was given tending to show that noisome and noxious smells, produced by the business carried on at the defendant's bone boiling establishment, were carried upon the plaintiff's lands, and that such smells were sickening and offensive; and it was in substance offered to be shown that the plaintiff's lands were by reason of such offensive smells greatly injured and depreciated in their market value; that the plaintiff was prevented from making sales thereof to the several persons mentioned in his complaint, and to others, as he might have done but for the nuisance complained of. We think the action can be maintained in this State for the injury done to the lands within the State, although the business of the defendant which occasioned the injury was situated in New Jersey; and that the learned judge erred if he held that the action was local, and could only be maintained in the State of New Jersey. The cause of action arises upon the injury suffered by the complaining party, and so in respect to the lands situated in this State, the cause of action necessarily arose here, although the nuisance which produced the injury was situated in another State. There is no sound principle, we think, which precludes a party whose property is specially injured by a nuisance which casts upon it offensive and noxious vapors from maintaining an action, because of the interposition of a State line between the nuisance and the property so injured; and if the injury is to be treated as one solely to the land, and therefore local in its character, we see no reason for holding that the party who commits the injury cannot be held liable in an action brought in the State where the land is situated.

It is well settled, that an action will lie for injuries of the character complained of in this case, at the suit of one who has sustained damages peculiar to himself, but it is claimed in this case that no action will lie because the premises were vacant lots unoccupied by any person living thereon. This fact we think is only a circumstance bearing upon the nature and extent of the damage. If the plaintiff had had tenants upon the premises occupying buildings situated thereon he could, according to the law as settled in *Francis v. Schoellkopf* (53 N. Y., 152), recover, as his measure of damages, "the difference in the rental value free from the effects of the nuisance and subject to it." (*McKean v. See*, 51 N. Y., 300.) In this case the plaintiff alleges that the offensive stenches had depreciated

and lessened the productive, as well as the market value of his lands, and rendered them unsalable, unproductive, unwholesome and unfit for residence, occupation and habitation, and hindered and prevented him from deriving any revenue and profit therefrom, and from improving, selling or disposing of the same for building sites; and also as special damages, he further alleged that he had been thereby prevented from selling the lots to divers persons whom he specially names.

It may be more difficult in a case where the lots are unoccupied to ascertain strictly the measure of damages, but that fact goes to the extent of recovery, and not to the right to recover.

As we understand the offer made by the plaintiff in this case to prove damages, it was intended to show some proof of the particular injuries alleged in the complaint, for the purpose of enabling him to present to the court the question of his right to maintain the action.

The offer is very general, yet as the objection was to each and every part thereof, and as the court excluded each and every part of said offer, and the counsel duly excepted to the ruling, we think it would be unjust to apply to his case the strict and technical rule relied upon by the counsel for the defendant. It is obvious the court intended to exclude all evidence tending to show that plaintiff's lots were injured and depreciated in their market value by the alleged nuisance, and all evidence tending to show that he was prevented from making sales of the lands by reason of the nuisance. And as it would be competent in such an action to give evidence of that character, we think there is no difficulty in sufficiently pointing the exclusion and exception in this case to competent evidence, which might have been given under the offer.

We are of opinion that the motion for new trial should be granted, with costs to abide event.

DANIELS, J., concurred.

Motion for new trial granted, with costs to abide the event.