Truax, J.
The judgment in this case must be reversed, irrespective of the question which seems to have wholly influenced the learned judge before whom the case was tried.
It is immaterial for the purposes of this case whether the plaintiff has or has not any interest in the fee of Pearl street, in front of and adjacent to his premises, or any easement in the street, and for the following reasons :
The judge before whom the case was tried found in his' twelfth, thirteenth and fourteenth findings of fact, that the engines used by the defendant emit smoke, gas, steam and cinders, which at times have entered and do enter the plaintiff’s premises through hi? doors and windows, and cause him injury. That by reason of the facts aforesaid, the rental value of the plaintiff’s premises has been seriously diminished, and the plaintiff’s property has been and is permanently damaged and its value lessened.
*249 Having found these facts, the trial judge should have found in favor of the plaintiff instead of the defendants.
Even if we should concede that the defendants own a fee in the street; and they so use that fee that their use of it permanently damages the plaintiff’s property and lessens its value, then the plaintiff has a cause of action for such •damages against the defendants, and he is entitled to an injunction restraining the commission of the acts which •damage him.
The constitution of this State provides that property shall not be taken' for public use without compensation, and that no one shall be deprived of his life, liberty or property without due process of law.
It is to be noticed that a distinction is to be made between taking property for public use, and depriving one of his property without due process of law.
What is a deprivation of property without due process ■of law was determined by the court of appeals in the case of Wynehamer v. People (13 N. Y. 378), where it was held ■that the provisions of the act to prevent intemperance (L. 1855, p. 340, c. 231), substantially destroyed the property ■in intoxicating liquors owned and possessed by persons within the State when the act took effect, and for that reason the act violated the provisions of the State constitution above referred to. It is to be noticed that in this case the actual possession of the property was not taken from the owner ; and yet a law which simply decreased the money ■value of the property by rendering it difficult for the owner to dispose of it, was held to be a violation of the constitution. This case was cited by the court of appeals with approval in the case of Bertholf v. O’Reilly (74 N. Y. 509). In this last case it was said that the provisions in the .act then under consideration were held to deprive persons owning intoxicating liquors at the time of its passage, of their property, although their title was not affected by the act, or the property itself, in its material substance, taken or destroyed.
*250 ' A like question was before the court of errors and appeals in Hew Jersey (Pennsylvania R. R. Co. v. Angel, 6 Eastern Rep. 353.) It is to be noticed that there is no provision in the constitution of Hew Jersey that no one shall be deprived of property without due process of law. In that case it was held that plaintiff, by using for the purpose of a terminal yard a portion of a street over which it had only a right of way, became responsible for any nuisance,, public or private, thereby created; and an act of the legislature cannot confer upon individuals or private corporations-acting primarily for their own profit, although for public-benefit as well, any right to deprive persons of the ordinary enjoyment of their own property, except upon condition that just compensation be first made to the owners. This case first came before Vice Chancellor Bird, who held, as was held in the case before us, that the smoke, dirt, noises,, cinders and smells worked inconvenience, discomfort, hurt and damage to the complainants, and that the value of their property was therefore greatly depreciated. The court of errors held that “ whether you flood the farmer’s-fields so that they cannot be cultivated, or pollute the bleacher’s stream so that his fabrics are stained, or fill one’s dwelling with smells and noise so that it cannot be occupied in comfort, you equally take away the owner’s property. In neither has the owner any less of material things-than he had before, but in each case the utility of his property has been impaired by a direct invasion of the bounds-of his private dominion.” This is a taking away of his-property in a constitutional sense. This decision is in harmony with the decision of the court of appeals of this State in Cogswell v. N. Y., New Haven & H. R. R. Co. (103 N. Y. 10).
In the Cogswell case, which in this respect is unlike the Story case, no easement of light, air and access was-taken, but the defendant was held liable for the damages that it had done to the plaintiff by the emission of smoker cinders, ashes and dust upon the property of the plaintiff,. *251 on the ground that by these acts of the defendant plaintiff’s property was subjected to a burden in the nature of a servitude in favor of the defendant, which seriously impaired' the value and enjoyment of the property.
And the court of appeals in the case of Lahr v. Metropolitan Elevated R. R. Co. (104 N. Y. 268), held that the Cogswell case is a conclusive authority upon the question as-to what constitutes a taking of property within the meaning of the constitution, and of the liability of the perpetrator of such injuries for the damages occasioned by the corruption of the air through the dissemination therein of noxious and unwholesome elements, such as gas, smoke, dust, cinders, ashes, etc., to the detriment of the property of adjoining owners.
One’s right to enjoy property free from smoke, gas, steam, cinders, etc., is property, and when he is deprived of that right without due process of law, he is deprived of his-property without due process of law. The word “ abridge ” is one of the synonyms of deprive (see Webster and Worcester).
The defendants contend that the legislature has authorized them to do the very thing that it is now doing ; but-such an intent of the legislature cannot be inferred from the charter of incorporation, either by express provision or fair construction. Even if the legislature had authorized the defendants to do the very acts complained of, such authorization would be unconstitutional and void, because-the legislature cannot deprive one of his property without due process of law. And it was held in the Wynehamercase that the words “ due process of law ” in the constitution, did not mean an act of the legislature, but that it meant law in its regular course of administration through courts of justice (See 2 Kent's Com. 13; Campbell v. Evans, 45 N. Y. 356 ; Matter of Townsend, 39 N. Y. 171; People v. Draper, 15 N. Y. 532, 563).
This court held in McKeon v. See (4 Robt. 449), “ that the lawful character of the.results of an occupation, trade- *252 •or mechanical art, or the care with which it is carried on, will not prevent a right of action by those whose enjoyment of life and property is disturbed by the mode or means of •conducting such occupation, trade or mechanical art. The right of jarring a neighbor’s house by the motion of a steam engine upon one’s own premises, cannot depend at all upon the utility and lawfulness of the purpose for which such, motion is employed, or of its final results. The intermediate ■injury before such results are obtained wrought upon-.another’s property or enjoyment of life, make such em-ployment unlawful; and a nuisance may consist in the application of steam as a motive power to an engine already upon the defendant’s own premises, and in using the same, thereby producing a vibration and shaking of the plaintiff’s buildings and injury thereto, causing an offensive noise, •interfering with the <yiiet use of such buildings," alarming •the tenants and diminishing the rents.”* This case was .affirmed on appeal (See 51 N. Y. 300).
It may be that we cannot determine what portion of the total diminution of the value of the plaintiff’s property is •caused by the smoke, or what portion is caused by the steam, or the noise, or the ashes, or the dust, or what portion is caused by the structure itself, and by the loss of light, air and access, but this difficulty does not prevent the ¡plaintiff from having the protection of an injunction to •restrain the defendants from injuring him by emitting -smoke, ashes, dust and noxious gases upon his property ; or ■rather it is a reason why an injunction should be granted because of the difficulty in ascertaining the damages that he is sustaining.
The judge before whom the case was tried also found that the plaintiff has paid assessments as well as taxes to the .city upon his said premises.
We are unable to say what assessments, or to assess *253 ments for what purposes, the trial court referred to in this-finding ; if they were assessments for maintaining the street as a street; if they' were assessments for street purposes, then within the decision of the court of appeals in Story v. N. Y. Elevated R. R. Co. (90 N. Y. 122); Lahr v. Metropolitan Elev. R. R. Co., 104 N. Y. 268), and in Washington Cemetery v. Prospect Park, &c. R. R. Co. (4 Abb. N. C. 16), and of this court in St. John v. Mayor, &c. of N. Y. (3 Bosw. 483), the plaintiff would have an easement of light, air and access to the street. If he has such an easement, then within the decision in those cases, this easement has been taken from him without due process of law, and without compensation.
In this connection we may remark that the records of the deparment of taxes, in this city, show that plaintiff’s-grantor did pay, in 1862, an assessment for paving Pearl street from Fulton to Beekman street.
We are also of the opinion that the acts of the legislature, under which the defendant operates its road, and especially chapter 606 of the Laws of 1875, commonly known as the “ Rapid Transit act,” require that the defendant shall compensate a person whose land is subjected to-the use that the findings in this case show that the plaintiff’s land was subjected to.
It is provided in section 17, chapter 606 of the Laws of 1875, that the defendant shall have the right to acquire and hold such real estate, or interest therein, as may be necessary to enable it to construct, maintain and operate its-railway.
This act contemplates the contingency of the defend-ants needing less than a fee in the land for the purpose of maintaining and operating its road, and that it should pay for any interest in the land less than the fee thi-t it acquired.
The right to use another’s land as a place on which to throw dust and ashes is an easement, and an easement is an *254 interest in the land (Arnold v. Hudson R. R. R. Co., 55 N. Y. 661).
The defendant claims to have the right to throw dust .and ashes upon the plaintiff’s premises without compensation, and therefore it claims or has taken an easement in .his land. This easement it lias not yet acquired by contract with the plaintiff, or in the method pointed out in the act ■above referred to. It has no right to this easement without .compensating the plaintiff therefor.
The judgment appealed from is reversed and a new trial is ordered, with costs to the appellant to abide the ..event.
O’Gorman, J.
The plaintiff, being owner in fee of premises abutting on Pearl street, in the city of New York, and claiming to be the owner also of an easement in that street, brought this action for the purpose of obtaining an injunction against the obstructing and encumbering of that street in front of his premises by the defendants by their maintaining their elevated railroad there, and that they be compelled to remove the same, and also that he should have judgment for the damage sustained by him.
The case was tried by a judge without a jury, and he .dismissed the complaint on the ground that the title to the-soil of the street in fee simple absolute was vested in the mayor, alderman and commonalty of the city of New York ; and that plaintiff had no easement or private property whatever in the street, against the taking of which he was entitled to protection under the constitution of this .State.
The finding of the trial judge as to the title of the city ■of New York to absolute ownership of the highway or .street was supported by competent and sufficient evidence, the only condition attached to that ownership being derived by implication from the provision in the second section of the Dongan charter of 1686, that the street should be for -.the public use and service of the mayor, aldermen and *255 commonalty of the city of New York, and travellers there. By that provision, however, no private easement or property right attached to any lot abutting on the street, nor was any property right in the street, constituting private property, vested in any individual owner of such lot. It created a trust in favor of the public at large, but not of any particular individual, whether abutting owner or not.
The trial judge also found that the defendants had not taken any steps to condemn or acquire any property of the plaintiff ; that the railroad structure seriously impaired the plaintiff’s light; that the engines emitted smoke, gas, steam, cinders, etc., which at times entered the plaintiff’s premises through the doors and windows, and caused him injury; that his property had been permanently damaged and its value seriously lessened thereby; that defendant’s elevated railroad was a lawful structure, and the operation of it as it was operated by the defendants a lawful use of the structure ; that defendant’s trains caused some noise, but that they were furnished with the best practicable appliance known for the prevention of the noise, and also with the best practicable appliances to arrest sparks and cinders.
Accepting for the present the conclusion arrived at by the trial judge that the plaintiff had no private easement or property rights in the street, as to which conclusion more will be said hereafter, the question is still open for discussion whether, on the authority of, or as the legitimate sequel to, the decision of the court of appeals in Cogswell v. N. Y., N. H. & H. R. R. Co. (103 N. Y. 10), and Lahr v. Met. El. Ry. Co. (104 N. Y. 268), the plaintiff in the case at bar is not entitled to relief on the ground that the acts of the defendants complained of were not necessary incidents of the lawful use of the railroad, and also on the ground that even if they had been such necessary incidents they were still, as far as they impaired the plaintiff’s beneficial use of his premises and diminished their rental value, either trespasses or a private nuisance for which he had a valid claim to recover damages, or a taking of plaintiff’s private *256 property without compensation and without due process of law, which is prohibted by the constitution of this State.
Granting then that the defendant’s structure, having been erected in accordance with law, is not of itself a nuisance, either public or private (Uline v. N. Y. C. & H. R. R. R. Co., 101 N. Y. 98, 107), and also that the operation of their road was a lawful use ; granting also that they had used the best known means in order to prevent the dissemination of the noxious vapors, etc., which entered the plaintiff’s house and seriously diminished its value, yet these means and appliances were inadequate and inefficient to prevent the mischief and the impairment of the plaintiff’s beneficial use of his house, and of its rental value, which has occurred and continues.
The trial judge has not found that the creation and existence of these noxious vapors, etc., by defendants, are necessary incidents to the lawful use of defendant’s railroad.
Excluding, then, the idea of the possession of the plaintiff of any easement in the street, and treating the relations-between him and defendants as such only as ordinarily exist between owners or occupiers of premises adjoining one another in a city, the rights and duties of each as to the other would be these.
Each would have the right to use his own premises for his own private advantage, in all ways not of themselves unlawful, subject, however, to the duty of not inflicting thereby any substantial injury on the other. If either did inflict injury on the other, the fact that the necessities of his business required such injury to be inflicted or that he exercised due care to prevent the mischief would not be any excuse (McKeon v. See, 51 N. Y. 300 ; Cogswell v. N. Y., New Haven, &c. R. R. Co., supra).
The discussion of principles of law in the latter case is specially instructive and important. The facts were these : .The defendant’s railroad having a legal right to operate and runs its cars into the city of ¡New York, acquired a lot of land adjoining the premises of the plaintiff, and on this lot *257 they erected an engine house, in the use of which they flooded the plaintiff’s premises with noxious gases to the great injury thereof and the pecuniary loss to plaintiff. The defendants contended that the use of this engine house and the emission of these noxious vapors therefrom, were necessary incidents to the use of their railroad and were “ damnum absque injuria.” The court below there held that the injury to the plaintiff’s premises wras not a taking of his property within the constitution ; and affirmed a judgment in favor of the defendant (Cogswell v. N. Y., New Haven, &c. R. R. Co., 48 Super. Ct. [J. & S.] 31). The court of appeals reversed that judgment, and placed its decision on the ground that the legislature had not authorized the wrong of which the plaintiff complained, and it was unnecessary to determine whether the legislature could have authorized it consistently with the principles of the constitution for the security of private rights, without providing for compensation (Cogswell v. N. Y., New Haven, &c. R. R. Co., 103 N. Y. 10).
In that case, as in the case now at bar, there was no-question of any infringement on any easement in the plaint-, iff, but only of the injury inflicted on him by noxious vapors emanating from the engine house next to the plaintiff’s house ; and the court of appeals held that the engine-house, as used by defendants, was a nuisance, for which, as-between individuals, an action would lie for damages, and for which a court of equity would afford a remedy by injunction (Cogswell v. N. Y., New Haven, &c. R. R. Co., supra).
As to the argument urged in the Cogswell case that statutory authority to run railroad cars to the city of New York justified also the acquisition and use of the engine house in New York, which would otherwise have given ai right of action, the court of appeals says :
“ But the statutory sanction which will justify any injury to private property, must be express, or must be given by clear and unquestionable implication from the powers ex *258 pressly conferred, so that it can fairly be said that the legislature contemplated the doing of the very act which occasioned the injury. This is but an application of the reasonable rule that statutes in derogation of private rights, or which may result in imposing burdens upon private property, must be strictly construed. For it cannot be presumed, from a general grant of authority, that the legislature intended to authorize acts to the injury of third persons where no compensation is provided, except upon condition of obtaining their consent. This construction of statutory powers applies with peculiar force to grants of corporate powers to private corporations, which are set up as a justification of corporate acts to the detriment of private property.”
Applying this clear and emphatic expression of the opinion of the court in the Cogswell case to the case at bar, it seems impossible for the defendants to justify the infliction by them of the injury complained of by the plaintiff on the .ground that it was thó necessary incident to their lawful railroad.
It cannot be held that the legislature contemplated tie •doing of the very act which occasioned the injury to the plaintiff, or even entertained or assented to the probability •that the defendant’s cars in their passage on the defendant’s •railroad would emit smoke, gas or noxious vapors at all, or to such an extent as to render the houses abutting on the ¡street practjcally uninhabitable.
But even if it could be with good reason held that this •emission of noxious vapors was a necessary incident to the ¡use of the defendant’s road, and that the legislature so intended, the question would still remain whether the legislature had the right to sanction a nuisance so detrimental to plaintiff’s private property as to constitute a taking thereof without compensation.
The opinion of the court of appeals in the Cogswell case on thát subject is again important. After stating that they placed their judgment on the ground that the legislature had *259 ■.not authorized the wrong to plaintiff, they proceed : “ It is therefore unnecessary to determine whether the legislature could have authorized it consistently with the principles of the constitution for the security of private right without provision for compensation.”
If it were necessary for the decision of the case at bar, I rshould have no hesitation in holding that the legislature had no right to authorize or sanction any serious injury to the -private property of a citizen so far destroying or impairing its beneficial use by him as to constitute a taking thereof, unless such taking were accomplished under due process of law and provision be made that he be duly compensated therefor.
But another subject still remains to be considered.
The learned trial judge found that during the plaintiff’s occupation of his premises he had paid assessments as well .as taxes.
It may be presumed that it was meant thereby that he paid assessments imposed upon his premises, referred to in his case, for improvements, repairs, etc., to Pearl street in front of these premises, otherwise the finding would have been irrelevant.
Assessments imposed upon real property in the city of New York for local improvements of streets, are special contributions paid by an abutting owner in addition to and exclusive of the general tax which he pays as one of the general public.
The distinction between these two imposts is clear and well defined (Hassan v. City of Rochester, 67 N. Y. 528, 534).
The assessment is not to be regarded as a burden but as .a compensation paid by the owner of a lot for the enhanced value derived by him from the local, improvement. But in making that payment he had the right to expect that his right to use and enjoy the improvement that he thus pays for shall be preserved to him without impairment; and this right is private property which cannot be taken from him *260 without compensation. This appears to be the natural consequence and sequel to the Story case and the more recent case of Lahr v. Met. El. R. R. Co., 104 N. Y. 268.
In the Story case it was held that the title in an abutting owner to an easement in a public street, in front of his premises, depending on'a deed from the city of New York, containing covenants protecting the street from any use other than a public street, was good title, and vested in him a private property which could not be taken from him without-compensation.
In the Lahr case the court of appeals held that there was-no legal difference between the title acquired under these circumstances and that acquired through a series of mesne conveyances from an original owner whose property had been1 taken in proceedings by the municipality under the act of 1813, which provided that lands thus acquired should be kept open forever as public streets in the city of New York-are and of right ought to be, . . . and for the reason especially that he had been a party to the proceedings under which the land had been appropriated for a public street and was liable to be assessed for its benefit, and therefore entitled to enjoy them (Lahr v. Met. El. R. R. Co., supra).
It seems a natural and proper step in advance and a logical consequence of the principle sustained by these authorities to hold that when an abutting owner pays under' compulsion of law a sum specially awarded as his individual’ contribution to the well being and improved utility of the-street to the public and to himself as abutting owner, a contract must be implied that he shall be secure in his right to use and enjoy the street with all the improvements and-ad vantages to the creation of which he has specially contributed.
For these reasons it is my opinion that the judgment appealed from in this case should be reversed.

 Compare Yocum v. Hotel St. George Co., 18 Abb. N. C. 340, enjoining as a nuisance the operation of an engine for the manufacture of electric lights for a hotel adjoining plaintiff's premises.