## BRAENDER v. HARLEM LIGHTING CO.

*(Supreme Court, Special Term, New York County.  September 17, 1888.)*

NUISANCE—PUBLIC NUISANCE—ELECTRIC LIGHT PLANT—INJUNCTION.

Defendant operated an electric light station before plaintiff purchased the adjoining houses, but subsequently erected an extension to the building, and placed therein a 400-horse-power engine and a 16-foot cog-wheel. The machinery could have been driven with smaller engines and belts, with little injury to plaintiff's property, but the large engine and wheel caused a jar and annoying noises after night, without causing permanent injury to the building. The extension and engine were properly constructed, and the business carefully conducted. Smaller engines would occupy more space, and require greater expense. Defendant had invested about $200,000, and furnished light to the city and many merchants. New buildings were under construction into which defendant intended removing, when the station complained of would be discontinued. *Held* that, while defendant's business was a nuisance to plaintiff, and as such should be restrained, in view of the fact that compensation in damages could be made, and that great loss to defendant and inconvenience to the public would result from its immediate suspension, time should be given defendant to remove its plant before the judgment should take effect.

Application for injunction.

Action by Phillip Braender against the Harlem Lighting Company to enjoin as a nuisance the operation of an electric lighting station adjoining plaintiff's houses in the city of New York. Judgment for plaintiff.

*Bartlett, Wilson & Hayden*, for plaintiff.   *A. J. Dittenhoefer*, for defendant.

O'BRIEN, J.   The defendant sought to be enjoined is maintaining an electric lighting station, adjoining plaintiff's houses on East One Hundred and Twenty-Second street, and though various grievances are alleged in the complaint, upon the trial only one was insisted on, viz., that the engines and machinery of defendant, placed in the rear of the main building and working at night, jar plaintiff's buildings, and create noises which are unusual and illtimed. The station was erected and the machinery in the main building was running when plaintiff purchased the property. Subsequent thereto an extension was built in which a 400-horse-power engine was placed, which turns a cog-wheel 16 feet in diameter. The extension is shown to have been constructed in a good and substantial manner, and, though complaint is made that the engine driven by a cog-wheel instead of belting, there is no dispute but that the engine itself was of the very best make, and was built upon piers of solid brick. It being shown that the buildings and engines were constructed in the best manner, the business itself carried on as well and carefully as such a business can be, and the neighborhood being such as not to make the estab-

lishment of a lighting station improper, it cannot be claimed to be a nuisance *per se.* Not being, therefore, a public or general nuisance, plaintiff, to succeed, must show some special injury to himself. The two grounds of special injury sought to be proved were: *First.* Physical injury to the houses. *Secondly.* Unusual disturbance and annoyance to tenants from noise and vibration caused by the engine and machinery in the extension. These grounds, supported by evidence, and showing permanent injury and continuing damage, would entitle plaintiff to an injunction.

I am, of course, familiar with decisions holding that the injury, annoyance, or interference with the enjoyment of property must be substantial and real, the law not regarding trifles. The rule is well stated in *Doellner* v. *Tynan,* 38 How. Pr. 176, "that if defendant is conducting his business in a convenient and proper part of the city, and in a careful and orderly manner, it should not be interfered with merely because such business is incidentally annoying to plaintiff, * * * or even renders the enjoyment of his property uncomfortable." This principle, thus laid down, is to be considered in connection with the rule laid down in *McKeon* v. *See,* 51 N. Y. 300, reported below, in 4 Rob. (N. Y.) 449. This was an action wherein an injunction was granted against noise and vibration from an engine in a stone-cutting establishment, wherein the court says: "It may also be assumed, for the purpose of testing plaintiff's right to relief, that the defendant's business was lawful and publicly beneficial, and conducted with every reasonable precaution as to the character of his building and machinery, and mode of using them. This presents the naked question whether the lawful character of the results of an occupation, trade, or mechanical art, or the care with which it is carried on, can prevent any right of action by those whose enjoyment of life and property is disturbed by the mode or means of conducting such occupation." Applying this test to the facts in this case as to the first ground, viz., physical injury to buildings, I do not regard the evidence as proving such injury to be of a very substantial or permanent character. The buildings themselves have not been substantially injured, and the most that can be claimed is that for purposes of immediate sale the causes complained of might injuriously affect the price. A removal of the cause would operate a removal of the injury. Upon the second ground, viz., unusual disturbance and annoyance to tenants, I regard the plaintiff, upon the evidence, as having a substantial grievance. While the witnesses variously characterized the character and effect of the noise and motion of the machinery, whether we assume it to be only such a noise and vibration as is caused by a fire-engine or ice-wagon running past the houses, as testified to by some, or as such a jarring and disturbance as to compel tenants to remove from the houses, as testified to by others, either can hardly be regarded as trifling or harmless. Regarding only the lesser of the two, while the passage of a fire-engine or ice-wagon occasionally would not interfere with the enjoyment of a house, the constant and uninterrupted rushing past of a fire-engine or ice-wagon might become an intolerable nuisance. One of the controlling considerations, however, to my mind, is the fact that before this large engine was placed in the extension, the company conducted its business in an unobjectionable way, and the evils complained of did not then exist. It would seem that, for lack of space, or to economize or concentrate power, the company used the large engine, and ran the machinery by a 16 foot cog-wheel, instead of having smaller engines and a wheel with belting. The motion of this large engine and cog-wheel concededly produced the damage. It would appear as though the injury might be avoided. The 150-horse-power engine does the city's lighting, which is one-third of the entire business, and defendant had and has three of these smaller engines working with belting and direct attachment causing no trouble. It would seemingly, therefore, be but a matter either of convenience, expense, or space to obviate the cause of the injury. I know defendant claims that the substitution of

smaller machines or of belting for the cog-wheel would require much more ground than they at present possess at One Hundred and Twenty-Second street. To accommodate their growing business, they are erecting a new and enlarged station, now nearly completed, which will contain all their machinery. Their present station will then be entirely removed. The defendant testified to the expenditure of about $200,000 for machinery, etc. It is at present supplying, under contract with the city, all the electric lights for the streets in Harlem, besides merchants and trades-people in that district, and the effect of an immediate injunction might prove ruinous to defendant, besides subjecting many persons using the lights and the city to much inconvenience. I am not unmindful, moreover, of the fact that much of the injury complained of, if suffered to be continued for a short time longer, can be compensated for in damages. Taking into consideration the additional fact that the injury to defendant by the issuance of an injunction which would compel an immediate suspension of business would be greater than the benefit accruing to plaintiff, I am of opinion that, while plaintiff should have judgment, the defendant should be allowed some time, to be fixed by the decree, to remove its plant before the judgment take effect. Judgment accordingly.