(12 Misc. Rep. 93.)

GAGE et al. v. LIPPMAN et al.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

EQUITY—ADEQUATE REMEDY AT LAW—PLEADING.

In an equitable action, a defense that plaintiff has an adequate remedy at law is not available unless pleaded.

Appeal from equity term.

Action by Alvin M. Gage and others against Gustav Lippman and others to cancel a lease. There was a judgment in favor of plaintiffs, and defendants appeal. Affirmed.

For decision on motion to dismiss appeal, see 31 N. Y. Supp. 1127. Amended.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Louis Levy, for appellants.

Henry S. Bennett, for respondents.

BISCHOFF, J.   The lease of which cancellation was sought and had was of the third loft of a certain building, to be used by the plaintiffs for the exposal and sale of goods. It was alleged to have been executed by the plaintiffs, the lessees, upon the express condition that it should not be of effect until an instrument should be executed by the defendants, the lessors, granting to the plaintiffs an option to occupy a portion of the fifth loft in the same building for storage of stock, both instruments being called for by the terms of a previous oral agreement. Defendants afterwards refused to execute the second instrument, and the plaintiffs repudiated the transaction. Upon the defendants seeking to enforce the terms of the lease, this action was brought.

The grounds of appeal relied upon by the appellants are that the findings of fact made by the learned trial judge are against the weight of the evidence adduced upon the question of the agreement of the parties, and that the plaintiffs had an adequate remedy at law in an action for damages for the breach of the oral agreement to execute a lease of the portion of the fifth loft, assuming such an agreement to have in fact existed. There being no certificate in the record of the appeal that all the evidence taken upon the trial is thereby presented, we are unable to determine the question of the preponderance of proof, but must confine our examination to the sufficiency of the evidence in the record to support the findings of fact, and the foundation provided by such findings for the conclusions of law, in so far as these questions are presented by the exceptions taken. Aldridge v. Aldridge, 120 N. Y. 614, 24 N. E. 1022; Porter v. Smith, 107 N. Y. 531, 14 N. E. 446.

The testimony given on behalf of the plaintiffs amply supports the finding that the agreement of the parties required the execution of a lease of the third loft, and of an instrument granting to the plaintiffs an option to occupy a certain portion of the fifth loft for at least one year, and an equivalent space thereafter for the remainder of the term of the lease; that the plaintiffs had executed the lease in suit expressly upon the condition that it was not to be operative until the other instrument should be executed and delivered by the defendants, which condition the defendants accepted through their agent; that such instrument was never executed; and that the plaintiffs disaffirmed the entire transaction; but that the defendants insisted upon the performance of the terms of the lease.

The conclusion that the plaintiffs should have judgment, as prayed, for the delivery and cancellation of the lease, and, further, enjoining the defendants from enforcing the same, was a legitimate sequence from the facts thus found.

As to the contention that the plaintiffs had an adequate remedy at law, viewed apart from the effect of the findings made, it is only to be said that the defendants not only failed to plead this defense, which was essential (Ostrander v. Weber, 114 N. Y. 102, 21 N. E. 112; Town of Mentz v. Cook, 108 N. Y. 507, 15 N. E. 541), but actually submitted the case to the equity side of the court for determination, they themselves praying for affirmative equitable relief in the form of a decree against the plaintiffs for specific performance, "and for such further relief as shall be consistent with equity" (Town of Mentz v. Cook, supra).

The exceptions taken by the appellants to rulings upon the trial were not urged upon this appeal. However, upon examination, we fail to discover any prejudicial error presented thereby.

The judgment is affirmed, with costs. All concur.