### ROSS v. McCALDIN.

(Supreme Court, Appellate Division, Second Department. December 5, 1907.)

1. DISMISSAL—ACTION ON WRONG CALENDAR.
   A complaint that states any cause of action, legal or equitable, cannot be dismissed on its face or because the cause is on the wrong calendar.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, § 111.]

2. JURY—WAIVER OF RIGHT TO TRIAL BY.
   Under the express provisions of Code Civ. Proc. § 1009, unless a party claim his right to a jury trial before any evidence is received, he waives it.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Jury, § 163½.]

Appeal from Special Term, Kings County.

Action by J. Stewart Ross against James McCaldin. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

James Troy, for appellant.
J. Stewart Ross, pro se.

GAYNOR, J. There was no question made at the trial but that the complaint stated a cause of action. It was only claimed by the defendant's counsel when the case was reached for trial that the complaint did not state an equitable but a common-law cause of action, which seems to be the case. Why he called attention to this is not apparent, for he expressly said the court could not dismiss the complaint for that reason; which was entirely correct, for a complaint that states any cause of action, legal or equitable, cannot be dismissed on its face, or because the cause is on the wrong calendar. If it could not be dismissed it certainly had to be tried, and the only question therefore was whether it should be tried by a judge alone or with a jury. Unless a party claim his right to a jury trial before any evidence is received he waives it (Code Civ. Proc. § 1009; McKeon v. See, 51 N. Y. 300, 10 Am. Rep. 659) and that is the case of the defendant here, for the defendant did not claim the right to a jury trial. Inasmuch as a jury trial was waived, it does not matter what was the kind of action pleaded and proved. It could not be dismissed at the close for being a common-law action. The plaintiff had the right to re-

cover on it whether it was in equity or at common law. It therefore does not matter whether it was the one or the other.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur. Rich, J., concurs in separate opinion.

RICH, J. The sole question is whether the Special Term erred in trying the action as one in equity, and is presented by the defendant's exception to the refusal to dismiss the complaint upon the ground that it did not allege or the evidence establish an equitable cause of action; that both the pleading and proofs disclosed that the plaintiff had an adequate remedy at law.

It was too late to raise this question at the trial. Such objection was not taken by the answer. On the contrary, the defendant, after alleging the facts regarded most favorable to himself, demanded affirmative equitable relief, and thus brought himself within the rule declared in Crisfield v. Murdock, 127 N. Y. 315, 27 N. E. 1046, and Gage v. Lippman, 12 Misc. Rep. 93, 33 N. Y. Supp. 59, in the former of which Judge Parker said:

"On the trial the point was made that the plaintiff ought not to maintain this suit because he had an adequate remedy at law; and it is again urged on this appeal. In the answers of the several defendants, no such objection was made. On the contrary, each defendant, after setting forth the facts deemed the most favorable to his position, demanded equitable relief. The parties having thus submitted to the jurisdiction of the court, it was too late to take the objection on the trial that the plaintiff had a remedy at law. * * * Whether the objection, if seasonably taken, could have been made available, need not therefore be considered."

In the Gage Case, Judge Bischoff, writing for the court, says:

"As to the contention that the plaintiffs had an adequate remedy at law, viewed apart from the effect of the findings made, it is only to be said that the defendants not only failed to plead this defense, which was essential (Ostrander v. Weber, 114 N. Y. 102, 21 N. E. 112; Town of Mentz v. Cook, 108 N. Y. 507, 15 N. E. 541), but actually submitted the case to the equity side of the court for determination, they themselves praying for affirmative equitable relief in the form of a decree against the plaintiffs for specific performance."

In the case at bar the defendant demanded a decree adjudicating that the promissory notes alleged in the complaint were obtained by force and duress and consequently void. The judgment must be affirmed, with costs.