JAMES E. OSTRANDER, Respondent, *v.* JOHN WEBER, Appellant ; JOSEPH H. RISLEY, as Receiver and Sheriff, etc., et al., Respondents.

Plaintiff's complaint alleged, in substance, that he was the holder of a chattel mortgage covering a portion of the furniture and fixtures of a hotel; that defendant H. was the holder of two junior mortgages covering portions of said property, and some not covered by plaintiff's mortgage; that defendant W. held another mortgage covering all of said property; that the sheriff, by virtue of a judgment and execution in favor of defendant L. against the person holding the property and carrying on the hotel, had levied upon said property and was proceeding to sell the same; that W., L. and the sheriff claimed their liens were prior to that of plaintiff's mortgage because of his omission to renew it by refiling; that the property, if sold in bulk, would produce enough to pay all the liens, but would bring much less if sold separately with the conflicting claims thereon.   The complaint asked for the appointment of a receiver

with authority to sell the property in bulk and distribute the proceeds under the direction of the court and in accordance with the rights and priorities of the parties. *Held,* that the complaint set forth various subjects of equitable jurisdiction, *i. e.,* the foreclosure of chattel mortgages, the determination between creditors of the extent and priority of conflicting liens, the advantages to creditors of a sale in bulk instead of in separate parcels, each of which was sufficient to maintain an action in equity, and their combination in one complaint would not defeat the action; also, that, in the absence of a demurrer or answer presenting the question that plaintiff had a remedy at law, that objection could not be raised.

The defendant, in an equity action, in order to insist that an adequate remedy exists at law, must set it up in his answer.

Orders were granted in the action appointing a receiver and directing him to sell the property and confirming his report of sale. *Held,* that these orders being proper to the action and resting in the discretion of the court, were not reviewable here.

Plaintiff's mortgage was given to secure him from liability as indorser upon notes made by the mortgagors. *Held,* the objection that the holder of the notes was not made a party, not having been raised by demurrer or answer, was not available here.

*It seems* that if it had been raised, it would not have been tenable; that plaintiff was, in respect to the notes, the trustee for the holder and represented said holder to all intents and purposes.

(Argued March 7, 1889; decided April 16, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 3, 1887, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*S. L. Stebbins* for appellant. The defect of parties is fatal to the judgment, and the objection is one in which the court itself is bound to take. (*Sturtevant* v. *Brewer,* 17 How. Pr. 571; *Shaver* v. *Brainard,* 29 Barb. 25; *Osterhout* v. *Supervisors,* 98 N. Y. 239, 242, 243, 244.) It was necessary for plaintiff to show that he needed the intervention of a court of equity for his protection. This he did not do either in his complaint or on the trial. (2 R. S. 365, 366, §§ 13, 17; *Hale*

v. *Sweet*, 40 N. Y. 97 ; *Meech* v. *Patchin*, 14 id. 71 ; *Jones* v. *Howell*, 3 Robt. 438 ; *Gregory* v. *Thomas*, 20 Wend. 17 ; *Horton* v. *Davis*, 26 N. Y. 495.) The relative rights of the parties being clear beyond dispute, and no suit being threatened, there was no reason to apprehend and no need of a resort to equity to prevent a multiplicity of suits. (1 Wait's Pr. 128.) The complaint should have been dismissed for not stating facts sufficient to constitute a cause of action in equity, and the objection was not waived. (Code Civ. Pro. § 499.) As to the great bulk of the property in litigation the plaintiff not only failed to establish an apparent right to it, but it affirmatively appeared that he had no legal interest in it whatever, and he failed to show any reason or justification for his interference by this action with the rights and property of others. (*Twitty* v. *Logan*, 80 N. C. 69 ; *La Chaise* v. *Lord*, 1 Abb. Pr. 213 ; *Gallatin* v. *Oriental Bank*, 16 How. Pr. 253 ; *Patten* v. *Accessory Transit Co.*, 4 Abb Pr. 235 ; *Smith* v. *Wells*, 20 How. Pr. 158, 166 ; *Hallenbeck* v. *Donnell*, 94 N. Y. 342 ; *Starr* v. *Rathbone*, 1 Barb. 70 ; 2 Jones on Mortgages [1st ed.] § 1532 ; *Bruce* v. *D. & H. C. Co.*, 19 Barb. 371 ; *Shotwell* v. *Smith*, 3 Edw. Ch. 588 ; *Quincy* v. *Cheeseman*, 4 Sandf. Ch. 405 ; *Weeks* v. *Cornwell*, 9 N. Y. Civ. Pro. R. 28.)

*J. Newton Fiero* for plaintiff, respondent. The action could be maintained as an equitable action brought to avoid a multiplicity of suits and protect the fund, and by sale of the property bring into court a fund for distribution. (1 Story's Commentaries, 84 ; *Jesus College* v. *Bloom*, 3 A. T. K. 262 ; 1 Story, 439 ; 2 id. 149 ; *Supervisors* v. *Deyo*, 73 N. Y. 219, 225 ; *Thompson* v. *Van Vechten*, 5 Duer, 624 ; 27 N. Y. 568 ; *Anderson* v. *Hunn*, 5 Hun, 82 ; 25 id. 411.) Weber has not raised the question by answer or demurrer, and cannot for the first time raise it on the hearing. (*Ludlow* v. *Simond*, 2 Caine's Cas. 55 ; *Grandin* v. *Le Roy*, 2 Paige, 509 ; *Wiswall* v. *Hall*, 3 id. 313 ; *Le Roy* v. *Platt*, 4 id. 81 ; *Hanley*

v. *Cramer,* 4 Cow. 717; *Truscott,*v. *King,* 2 Seld. 165; *Ander-son* v. *Hunn,* 5 Hun, 83; *G. S. Bk.* v. *Shaver,* 25 id. 411.) The order appointing a receiver was a proper order in the case. (Code Civ. Pro. § 317, sub. 1; *Thompson* v. *Van Vechten,* 5 Duer, 624; *Bayard* v. *Fellows,* 28 Barb. 451; *Van Husen* v. *Radcliff,* 17 N. Y. 580; *Jones* v. *Graham,* 77 id. 628; *Lewis* v. *Palmer,* 28 id. 278; *Marsden* v. *Cornell,* 62 id. 219; *Gilder-sleeve* v. *Landon,* 73 id. 610; *Mack* v. *Phelan,* 92 id. 25.) Independent of any statute a court of equity has inherent power to direct a disposition of a fund as it shall deem wisest and best for all concerned. (*Smith* v. *Danzig,* 3 Civ. Pro. Rep. 138; *Prentice* v. *Janssen,* 79 N. Y. 479.) The defendant Weber gets no benefit from the omission to refile the Sleight mortgage, because he took his mortgage for a precedent debt, and was not a *bona fide* purchaser under the statute. (Laws of 1883, chap. 279; 3 R. S. [6th ed.] 2249, § 3; *Van Husen* v. *Radcliff,* 17 N. Y. 580; *Thompson* v. *Van Vechten,* 27 id. 581; *Jones* v. *Graham,* 77 id. 628; 4 Paige, 215; *Lewis* v. *Palmer,* 28 N. Y. 278; *Marsden* v. *Cornell,* 62 id. 219; *Gildersleeve* v. *Landon,* 73 id. 618; *Mack* v. *Phelan,* 92 id. 25; *Meech* v. *Patchin,* 14 id. 71; *Farmers' Loan and Trust Co.* v. *Hendrickson,* 25 Barb. 488; *Heyman* v. *Jones,* 7 Hun, 238; *Sullivan* v. *Toale,* 26 id. 204; *Hill* v. *Beebe,* 3 Kern. 556; *Bennett* v. *Bates,* 94 N. Y. 363; *Halliday* v. *F. Bk. of Columbus,* 16 Ohio, 534; *Razee* v. *Lancaster Bk.,* 14 id. 318; 27 Alb. Law Jour. 300; *Van Thorn* v. *Peters,* 26 Ohio St. 471.)

*John F. Cloonan* for defendants, respondents. As the rights and interests of the various lienors can be determined in this action, and a wasting and sacrifice of the property and a multiplicity of suits will be prevented, the action is maintainable. (Code of Civ. Pro. §§ 713, 1737; *Charles* v. *Stevens,* 3 Denio, 36; *Thompson* v. *Van Vechten,* 5 id. 618; 27 N. Y. 568; *Anderson* v. *Hunn,* 5 Hun, 82; 1 Pom. Eq. Jur. §§ 181, 243; *McHenry* v. *Hazard,* 45 N. Y. 580; *N. Y. & N. H. R. R. Co.* v. *Schuyler,* 34 id. 30, 44; 17 id. 592; 101 id. 639; *Turner* v. *Crichton,* 53 id. 641; *Platt* v. *Platt,*

66 id. 360.)  The objection that cross answers should have been served as between the defendants Loughran and Weber, pursuant to section 521 of the Code, has been waived and cannot be taken for the first time in this court.  (*Albany City Savings Inst.* v. *Burdick*, 87 N. Y. 40–46; *Edwards* v. *Woodruff*, 90 id. 401.)  The final order, interlocutory judgment and the intermediate orders should be affirmed, the Court of Appeals having held that this action could be maintained. (*Ostrander* v. *Weber*, 101 N. Y. 639.)

POTTER, J.  This is an action in equity, brought by the holder of one chattel mortgage, covering a portion of the furniture and fixtures used in a hotel known as the Mansion House, in the city of Kingston, executed to one John D. Sleight, by the then owners of said property and proprietors of said hotel, Emma Brigham and Daniel O'Connell, to secure said Sleight on account of his liability as indorser upon certain notes made by said Brigham and O'Connell, and in respect to which notes the makers had made default in payment, and one of which said plaintiff, as a second indorser to Sleight, had paid before the action was brought.  The Sleight mortgage had been assigned to the plaintiff and was held by him at the time of the commencement of this action.   The defendant Humphrey also held two chattel mortgages upon distinct portions of the furniture, and the property covered by each of the Humphrey mortgages covered property distinct from the property covered by the Sleight mortgage.   The Humphrey mortgages were subsequent in date to the Sleight mortgage, and were executed by said firm of Brigham & O'Connell.

After the execution of these three mortgages, said Brigham and O'Connell sold all of said furniture and fixtures in lump to one Oliver H. Brigham, who carried on the hotel business and used the property covered by said mortgages for that purpose.   After such purchase by said Oliver Brigham, he executed a mortgage to the defendant Weber, upon all of said property, and possibly upon some property besides.

After the execution of the last-mentioned mortgage by said

Oliver Brigham to Weber, and while said Brigham was carrying on the hotel business and using the property covered by said mortgages for that purpose, the defendant Loughran obtained a judgment for $613.89 against said Oliver H. Brigham, and execution was issued to the defendant Risley, sheriff of Ulster county, who, by virtue of said execution, levied upon all the property covered by said chattel mortgages, or any of them, and was proceeding, in due course, to sell the same under said levy.

At this time said plaintiff and said Humphrey were threatening to take possession of the portions of the property covered by their respective mortgages. The defendant Weber was claiming that the lien of his mortgage was prior to the plaintiff's, by reason of an alleged failure to renew the same by refiling, as provided by law, and the defendants, Loughran, the judgment creditor, and Risley, the sheriff, were claiming that the lien of the levy was also prior to the lien of plaintiff's mortgage for the same reason, and threatened to sell the property and distribute the proceeds of the sale accordingly. In this condition of affairs the action was commenced; the complaint setting forth the situation, the conflicting claims, and, in addition, that the property was adapted and suitable for the business of keeping a hotel, and that if sold together it would produce enough to pay the liens upon it, but that if sold separately, and with the conflicting claims and resulting law suits, it would not produce nearly so much as if sold in bulk and in connection with the hotel business and lease, and that said Oliver Brigham is desirous of disposing of the lease and good will, etc., asking for the appointment of a receiver authorized to sell the same in bulk and to distribute the proceeds under the direction of the court, and in accordance with the rights and priorities, as the same should be established by the court in this action. None of the defendants served an answer except the defendants Weber and Loughran. The former admits the giving of the mortgage to him, as stated in the complaint, and that he has no knowlege or information sufficient to form a belief as to the other material allegations

in the complaint, and the latter admits the allegations contained in the complaint, alleges that the lien of the levy is prior to the liens of the plaintiff and the Weber mortgages, and that a receiver has been appointed, and that a speedy sale in bulk is most advantageous to all parties.

The situation may be summarized as follows : That three of the parties had each a chattel mortgage covering distinct portions of the furniture and fixtures of a hotel ; that defendant Weber held a fourth, which was a blanket mortgage, covering all the property in the three mortgages and, perhaps, a little property besides, and the sheriff a levy covering all the property, whether within or without the mortgages or any of them.

An order appointing a receiver and directing him to sell the property was made upon application to the court. Thereafter the cause was tried by the court and findings made upon admissions upon the trial, substantially as alleged in the complaint, and an interlocutory judgment entered accordingly.

The orders appointing a receiver herein, and confirming his report of sale and the interlocutory judgment, were all appealed to the General Term by defendant Weber, and were affirmed.

It would appear from the records of this court that an appeal was taken from the former two orders to this court, and the appeals dismissed. (*Ostrander* v. *Weber*, 101 N. Y. 639.)

The property has been sold by the receiver, in pursuance of the orders directing the sale and the interlocutory judgment, and the purchase-money paid to the receiver, and possession taken by the purchaser and a final judgment entered confirming the sale and directing the disposition of the proceeds of the sale.

We think the judgment appealed from should be affirmed.

The complaint sets forth these several subjects of equitable jurisdiction, viz. : The foreclosure of chattel mortgages. (*Briggs* v. *Oliver*, 68 N. Y. 339 ; *Hart* v. *Ten Eyck*, 2 Johns. Ch. 99 ; *Thompson* v. *Van Vechten*, 5 Duer, 624 ; 36 Ill. 197–200 ; *Charter* v. *Stevens*, 3 Denio, 33 ; the

determination of the extent and priority of various and con-
flicting liens between creditors under chattel mortgage and a
judgment-creditor under levy by execution; a multiplicity
of actions between such creditors. (*Suprs.* v. *Deyoe,* 77
N. Y. 219; *N. Y. & N. H. R. R. Co.* v. *Schuyler,* 17 id.
608); and the advantage of a sale of property suitable, used
and adapted to a particular business, in lump, and not in
separate parcels, to the end that the greatest sum may be
realized for the benefit of all the creditors. (*Prentice*
v. *Janssen,* 79 N. Y. 479–490.)

Every one of these subjects has been held sufficient to main-
tain an action in equity. Their combination in one complaint
should not be held to defeat an equity action. It will be
observed that the appellant, defendant, Weber, does not, by
demurrer or in his answer raise the question that the allega-
tions in the complaint do not make a case of equitable
jurisdiction, or that the plaintiff had a remedy at law.
(*Grandin* v. *Le Roy,* 2 Paige, 509; *Wiswall* v. *Hall,* 3 id.
313.) In an equity action, the defendant, in order to insist
that an adequate remedy exists at law, must set it up in his
answer. (*Town of Mentz* v. *Cook,* 108 N. Y. 504.) If a
court of equity has jurisdiction and entertains the case, it will
ordinarily retain the case until the whole subject is disposed
of. (*Taylor* v. *Taylor,* 43 N. Y. 578–584; *Ludlow* v.
*Simond,* 2 Caine's Cas. 55.) Hence, if this case in its course
developed any legal aspect, such as the claim that the mort-
gage held by the appellant Weber covered other property
than that covered by the other mortgages, an order directing
the sale of such property might, in this action, have been
made, and was so made, at his request, that the same be sold
separately, and it was so sold, for $1. There is nothing in
the findings nor in the case to show what separate property
there was, or its value, and so this court cannot determine
whether the purchaser made a good or bad bargain, or whether
Weber was injured in the slightest degree by the sale. But
its sale was within the equitable powers of the court, whether
sold separately or in lump with the other, especially so when

it was covered by the execution of the sheriff upon the Loughran judgment and execution, both of whom were parties to the action. All that Weber or any lienor can justly claim is the realization of the utmost of money possible from his security, towards paying his debt. He has, therefore, no right to insist upon a use of his security in a manner that will injure other creditors while it does not benefit himself.

The appellant seeks to review, upon this appeal, the various orders before referred to. The action being of equitable cognizance, and those orders being proper to the action and resting in the discretion of the court granting them, they cannot be reviewed in this court and are final. (*Turner* v. *Crichton*, 53 N. Y. 641 ; *Platt* v. *Platt*, 66 id. 360.)

Another point was argued upon the appeal. It is that the State of New York National Bank should have been made a party to the action, and would seem to have been raised for the first time upon the trial. It should have been raised by answer or demurrer. By such omission defendant Weber waives all objection on his part to the granting of the relief, except under conditions which do not exist in this case.

It nowhere appears that the bank is the assignee of any of the mortgages. It appears in the latter part of the findings that plaintiff's mortgage was given to secure the mortgagee for the indorsement of certain notes, that one of the notes so indorsed is held by the bank. The plaintiff is the trustee of the bank in respect to that note, and represents the bank to all intents and purposes. It could not, in any way, affect the rights of Weber or prevent the determination of the entire controversy in any respect.

But if these views are not sound and would not lead to an affirmance of the judgment, still the absence of an exception that the property described in the mortgage executed to John Weber, remaining unsold after sale of the first and second parcels above described, and in said order and manner, fails to raise the question as to the sale of the property not covered by the Humphey and the Sleight mortgages. That question is not presented -here -by any specific exception, and, therefore,

cannot be considered. That property evidently had but trifling value, as it produced only one dollar on the sale.

The judgment should be affirmed, without costs.

All concur, except FOLLETT, Ch. J., and BROWN, J., dissenting; PARKER, J., not sitting.

Judgment affirmed.