JAMES R. WATTS, Appellant, *v.* SAMUEL B. ADLER, Respondent.

*Court of Appeals, December 1, 1891.*

1. *Equity. Defense.*—A defendant, who has not pleaded a want of equitable jurisdiction, nor alleged that the plaintiff had an adequate remedy at law, is in no situation to insist upon the trial that an action in equity will not lie.
2. *Partnership. Accounting.*—An action in equity for an accounting is the appropriate, if not exclusive, remedy to adjust and settle the affairs of a co-partnership.
3. *Same.*—Though one partner has the exclusive right to liquidate the affairs of the firm upon its dissolution, this fact does not preclude him from maintaining an action for an accounting in order to compel a copartner to pay over any balance that may be established against him, or to contribute his proportion of the deficiency in firm assets required to discharge the co-partnership debts.
4. *Appeal. Exceptions.*—A finding of the trial court, without any evidence to sustain it, is a ruling upon a question of law, within the meaning of section 993 of the Code. An exception thereto properly presents it for review in the court of appeals.

Appeal from a judgment of the general term of the supreme court, in the first judicial department, affirming a judgment entered on the decision of the court at special term.

This was an action for an accounting, between former copartners, after a voluntary dissolution of the firm.

The articles of co-partnership provided, among other things, that, "for the purpose of carrying on the business of wholesale coal dealers," the plaintiff and defendant should be copartners from January 13, 1885, until January 12, 1888, and that on or before May 1, 1885, each partner should contribute as capital the sum of $10,000. The profits were to be shared, and the losses borne, in the proportion of sixty-three per cent

by the plaintiff to thirty-seven per cent by the defendant. Upon the expiration or dissolution of the firm the plaintiff was to "have the exclusive right to the good will of the business and to liquidate" its affairs. The plaintiff paid in his share of the capital, but the defendant did not pay in all of his, and both parties drew out freely prior to the 2d of September, 1885, when the firm was dissolved by mutual consent. At this time the defendant was indebted to the firm to quite a large amount for coal purchased by him. There were uncollected accounts, exceeding twenty-five in number, and some unsettled liabilities, but the amount to be collected or paid did not appear. The firm had a lease of the premises it occupied and the term did not end until May 1, 1888. The rent reserved was at the rate of $1,500 for the first year, and $1,750 for each remaining year, payable quarterly. The plaintiff, "as liquidator," took possession of the books and assets of the firm, and paid bills, but did not discharge all of the liabilities. He purchased coal to fill the orders taken before the dissolution, and endeavored to dispose of the lease, as he testified, pursuant to an agreement between himself and the defendant, but was unable to do so because he had not the money required to comply with the terms proposed.

This action was commenced February 4, 1887.

Further facts appear in the opinion.

*Treadwell Cleveland*, for appellant.

*Jacob F. Miller*, for respondent.

VANN, J.—On the first trial of this action the complaint was dismissed upon the ground that it does not state facts sufficient to constitute a cause of action, in that it failed to show that the plaintiff had any right to equitable relief, but the judgment was reversed by the general term, which held that when a copartnership has been dissolved and the accounts

are unsettled, an action in equity for an accounting is proper to settle the rights of the parties. Watts v. Adler, 13 St. Rep. 553. The defendant did not appeal from that decision, but upon the second trial, which is now under review, renewed his motion to dismiss the complaint upon the same ground as before, and now insists that the position thus taken is a complete answer to this appeal. The defendant did not plead a want of equitable jurisdiction in his answer, nor allege that the plaintiff had an adequate remedy at law, and hence was in no situation to insist upon the trial that an action in equity would not lie. Truscott v. King, 6 N. Y. 147, 165; Town of Mentz v. Cook, 108 Id. 504, 508; 13 St. Rep. 845; Ostrander v. Weber, 114 N. Y. 95, 102; 22 St. Rep. 979; Hyatt v. Ingalls, 124 N. Y. 93, 105; 35 St. Rep. 114. Moreover, we see nothing in this case to take it out of the general rule that an action in equity for an accounting is the appropriate, if not exclusive, remedy to adjust and settle the affairs of a copartnership. Story Eq. Jur. (13th ed.), §§ 441, 466; 2 Bates on Partnership, § 921; 2 Lindley on Partnership (3d ed.), 1000. As was said by Mr. Justice DANIELS in his dissenting opinion below: "The fact that the parties had largely settled their affairs prior to the commencement of the action formed no objection to their completion and adjustment through its intervention." Although the plaintiff was authorized to liquidate the business of the firm, still he could maintain an action for an accounting and thereby compel the defendant to pay over any balance that might be established against him. Each partner has a right to an accounting from his copartner as to all dealings and transactions connected with the business of the firm, and, as the result may indicate, either to a ratable distribution of any surplus there may be after payment of the debts, or to a ratable contribution to make up the sum required to discharge the debts. Thus, all the obligations, both express and implied, arising from the copartnership agreement, may be enforced in a convenient and effective

manner by a court having power to adapt its action to every variety of circumstances.

Upon the last trial the court found as facts that when the firm was dissolved a balance was struck and a settlement had between the parties of all their copartnership transactions ; that pursuant thereto the defendant gave to the plaintiff his two promissory notes for $1,000 each, and " that the transactions between the parties were then and there. stated and settled, and no fraud or mistake appears whereby the settlement thus made is or can be impeached." This finding is the foundation of the judgment dismissing the complaint, and the exception taken by the plaintiff thereto presents the question whether there was any evidence to support it under the rule of appeal to this court. Neither party alleged in his pleading, or claimed on the trial, that any final or general settlement had been made. The position of the plaintiff, as stated in the complaint, with reference to the giving of said notes, was " that upon said dissolution, the defendant being then indebted to the said firm in the sum of $4,694.58, with interest, for coal theretofore sold by it to him, and in other sums, and he alleging that he was not able to pay such indebtedness in cash, it was agreed between the plaintiff and defendant that an approximate calculation be made of the probable final result of the liquidation of the affairs of said firm, estimating in such calculation that the lease of the said officers could be so disposed of as to relieve the said firm from liability for rent thereunder after the 1st day of May, 1886, and that the .assets of said firm were actually worth their full face value ; that such calculation and estimate were made, and the sum then determined upon,   *   *   * as the approximate sum that would be due by the defendant to the plaintiff in liquidating the affairs of the said firm on account of the aforesaid indebtedness of the defendant for coal, and upon the basis aforesaid, was the sum of $2,000, for which the said defendant   *   *   *   made and delivered

to the plaintiff his two certain promissory notes, each for the sum of $1,000, * * * which, when paid, it was agreed should be applied towards the payment of said indebtedness for coal."

The defendant, by his answer, admitted the making of said notes, which were due and unpaid, but denied the remainder of said allegations. He specifically denied that said notes were given for any indebetedness of his, or that the proceeds thereof were to be applied on account thereof, and alleged that they " were made by him and received by the plaintiff to be discounted for defendant's benefit, and the proceeds were to be paid over to him, defendant, which was not done." It appeared that before the commencement of this action the defendant had sued the plaintiff for converting said notes, and each party in his pleading in that action made the same allegations, in substantially the same words, as to the origin and object of the notes as he subsequently made in this. There was no other material issue joined therein, and the trial resulted in a judgment on the merits in favor of the defendant in that action and the plaintiff in this. Thus it was so determined as to admit of no dispute by either party, that said notes were not given in settlement of all the unadjusted matters between the copartners, but were given by the defendant to be applied, when paid, upon his indebtedness to the firm, mainly on account of the coal that he had purchased of it. Lorillard *v.* Clyde, 122 N. Y. 41; 33 St. Rep. 303.

Upon the trial of this action the plaintiff testified that after the dissolution a statement was made embracing the amount to the credit of defendant's capital acount, the amount to the debit of his coal account and the condition of the profit account. A rough estimate was made of the liability under the lease upon the theory that it could be disposed of by May 1, 1886, and of the clerks' salaries until the close of the year 1885, and " it was determined that the amount of his indebtedness would not vary

much from $2,000, for which he gave" said notes. The notes were not paid, and the lease was not disposed of, because the plaintiff had no money to accept the offer that was made to cancel it for the sum of $750. There was no other testimony as to a settlement. The defendant did not claim there was a settlement, nor furnish any evidence on that subject. The case was apparently tried upon the theory, as indicated by the objections, rulings and the omission to take exceptions, that there would be an accounting as a matter of course.

The main struggle was over the lease, the defendant claiming that the plaintiff could have disposed of it if he had wished to. We do not think that there was any evidence of "a settlement between the parties of all their copartnership transactions." The liability under the lease was not adjusted, and the only point considered was the indebtedness of the defendant to the firm. Considering the adjudication on the prior action between the parties and the pleadings in both actions, in connection with the testimony of the plaintiff, which is all the evidence there is, either direct or indirect, upon the subject of a settlement, we think that it conclusively appeared that there was not such a settlement as would defeat an action for an accounting. The finding of the trial court, being without any evidence tending to sustain it, was a ruling upon a question of law, Code Civ. Pro., § 993, and the exception taken thereto by the plaintiff compels us to reverse the judgment appealed from and order a new trial, with costs to abide the final award of costs.

All concur.

---

NOTE.

As to equitable interference, see Terry *v.* Horne, 59 Hun, 492; Allerton *v.* Belden, 49 N. Y. 373; Troy & B. R. R. Co. *v.* B., H. T., etc., R. Co., 86 Id. 107; Fowler *v.* Palmer, 62 Id. 533; Town of Venice *v.* Woodruff, Id. 462; Globe Mut. Ins. Co. *v.* Leals, 79 Id. 202; Crisfield *v.* Murdock, 127 Id. 315; Ostrander *v.* Weber, 114 Id. 95; Hammond *v.* Morgan, 101 Id. 179.