VAN BRUNT, P. J., and PARKER, J., concurred.

Order denying motion for additional allowance reversed, with ten dollars costs and disbursements, and remitted to Special Term for determination. Restraining order reversed, with ten dollars costs and disbursements. Order denying motion for amendment of final order reversed, with ten dollars costs and disbursements, and order amended as directed in opinion.

---

SARAH B. TUCKER and Another, by VICTORIA A. JOHNSON, their Guardian ad Litem, and Another, Respondents, *v.* THE MANHATTAN RAILWAY COMPANY and Another, Appellants.

*Equitable action — waiver of a defense of adequate remedy at law; that causes of action are improperly united, and of misjoinder or defect of parties plaintiff — objection must be by answer or demurrer — damages to real estate by an elevated railroad — form of judgment.*

A defendant in an equitable action cannot avail himself of the defense that the plaintiff has an adequate remedy at law, unless it is pleaded in the answer.

When a defendant does not object by demurrer or answer that the causes of action, stated in the complaint, are improperly united, or that there is a misjoinder or defect of parties plaintiff, such objections are deemed waived.

It is the usual rule that in equitable actions all persons having interests in the controversy should be made plaintiffs or defendants and their interests be determined.

In an action brought to recover the damage to real estate caused by the construction, maintenance and operation of an elevated railroad upon the street on which such real estate is situated, and to enjoin the further operation of the railroad, where one of the plaintiffs is an infant, who owns an undivided interest in the premises in question, it is an error requiring a reversal of the judgment, rendered in such action in favor of the plaintiffs, that such judgment awards an injunction unless the defendants pay a specified sum upon receiving a conveyance of certain easements of the plaintiffs appurtenant to such premises, appoints a special guardian of such infant, and authorizes and directs him to convey the interest of such infant in the premises to the defendant.

APPEAL by the defendants, The Manhattan Railway Company and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 23d day of January, 1894, upon the decision of the court rendered after a trial at the New York Special Term.

In 1878 Sarah B. Tucker, Isabella Tucker Newell and Ella V. A. Dayton acquired the fee of Nos. 123 and 125 West Broadway, each having an undivided one-third interest, and, on the 9th of May, 1890, Ella V. A. Dayton conveyed her interest to Sarah B. Tucker and Isabella Tucker Newell. At the date of this conveyance both of the grantees were infants. October 15, 1892, Isabella Tucker Newell became twenty-one years of age, and Sarah B. Tucker will become twenty-one years of age July 3, 1897. This lot is situate on the east side of the street and has a frontage thereon of thirty-seven feet and eight inches, and is bounded on the west by the east line of the street, the fee of which is not in the plaintiffs. Prior to May 1, 1885, the lot was covered by two brick and frame buildings two stories in height, the first floors of which were used for business purposes and the upper floors for dwellings. In 1885 those buildings were removed and the present building, which is six stories high and constructed of brick and stone and is adapted and used for business purposes, was erected and was ready for occupancy February 1, 1886. The construction of the elevated road in West Broadway was begun in 1876, and was completed and put in operation in 1878. There is a station of defendants' road at West Broadway and Franklin street, about 300 feet south of plaintiffs' prem-

ises, which largely increases the number of persons passing up and down the street in front of said premises.

This action was begun August 11, 1890, to recover damages for the trespasses on the street easements from August 11, 1884, to the date of the trial, and to restrain the maintenance and operation of the road in front of the plaintiffs' premises. The court found that the damages occasioned by the trespasses from August 11, 1884, to May 9, 1890, when Ella V. A. Dayton conveyed her interest to her sisters, were $3,430.56, one-third of which belongs to Mrs. Dayton, and that the damages for the trespasses committed between May 9, 1890, and December 9, 1893, the date of the decision, amounted to $2,364.82. The judgment also provides that the plaintiffs, upon being paid $7,500, should convey their interest in the easements to the defendants, in which case the injunction was not to issue. It also provides that the guardian *ad litem* of the infant plaintiff, who, by the judgment, was appointed special guardian, should receive one-half of the said sum, $3,750, and hold it, with all the accumulations thereon, until the infant becomes twenty-one years of age, when it should be paid over to her. The guardian was required to file a bond in the sum of $7,500, with two sufficient sureties, conditioned that she should safely keep such sum.

The damages for trespasses committed between August 1, 1884, six years before this action was begun, and May 1, 1885, the date when the old buildings were removed from the lot, were assessed at seventy-two dollars and eighteen cents, which is at the rate of $100 per year. No damages were awarded for trespasses committed between May 1, 1885, and February 1, 1886, when the new building was ready for occupancy, and for the trespasses committed since the latter date the damages were assessed at the rate of $600 per year.

*Ezra A. Tuttle*, for the appellants.

*Eliphalet W. Tyler*, for the respondents.

FOLLETT, J.:

On the trial a joint equitable cause of action in favor of Sarah B. Tucker and Isabella Tucker Newell, two of the plaintiffs, and a joint legal cause of action in favor of all three plaintiffs were estab-

lished. Both causes of action arose out of injuries to real property. The defendants, not having objected by demurrer or by answer that there was a misjoinder or defect of parties plaintiff, or that causes of action were improperly united, have waived these objections. (Code Civ. Proc. § 499.) A defendant in an equitable action cannot avail himself of the defense that the plaintiff has an adequate remedy at law, unless it is pleaded in the answer. (*Truscott* v. *King*, 6 N. Y. 147; *Cox* v. *James*, 45 id. 557, 562; *Town of Mentz* v. *Cook*, 108 id. 504; *Ostrander* v. *Weber*, 114 id. 95; *Hyatt* v. *Ingalls*, 124 id. 93, 105; *Buffalo S. & C. Co.* v. *D., L. & W. R. R. Co.*, 130 id. 152; *Watts* v. *Adler*, Id. 646.) *De Bussierre* v. *Holladay* (4 Abb. N. C. 111; 55 How. Pr. 210), so far as it conflicts with the cases cited, is overruled. Sarah B. Tucker and Isabella Tucker Newell, being the owners of the fee, had the right to maintain this action in equity to restrain the defendants from maintaining their road, and incidentally to recover such damages as they had sustained by the past trespasses, and it is the usual rule that in equitable actions all persons having interests in the controversy should be made plaintiffs or defendants and their interests determined. The presence of Mrs. Dayton as a plaintiff in this action does not harm the defendants, but prevents the necessity of another action, and the defendants should not now or hereafter be permitted to raise this defense.

The appellants urge that the conveyance by Mrs. Dayton of her one-third interest in the premises to her sisters having been made while the grantees were infants, they may evade the grant when they reach their majority, and thus expose the defendants to an action in behalf of Mrs. Dayton. Isabella Tucker Newell became twenty-one years of age October 15, 1892, since which date she has prosecuted this action to judgment, and it is now too late for her to repudiate the conveyance. Should Sarah B. Tucker, on becoming of full age, repudiate the grant to her, a one-sixth interest would revert to Mrs. Dayton, who is a party plaintiff in this action, and she would be estopped by the judgment herein, which she has aided to secure, from prosecuting another action on the claim enforced by her in this suit. The presence of Mrs. Dayton as a party plaintiff is a protection to the defendants' present and future interests.

The part of the judgment awarding an injunction, unless the defendants pay $7,500 upon receiving a conveyance of the ease-

ments, rests on the theory that the court had power to appoint in this action a special guardian for the infant plaintiff, and authorize the guardian to convey the ward's interest to the defendants. This is not a proceeding to sell an infant's real estate, nor is it an action of partition, nor was it brought for the purpose of divesting the infant's title; no such relief is asked for in the complaint, nor are the allegations therein sufficient to warrant such relief, and the Special Term erred in appointing a special guardian and directing her to convey the infant's title. Under such a conveyance the defendants would not acquire a legal title to the interest of the infant in the easements, and for this error the judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide the event.