THE METROPOLITAN ELEVATED RAILWAY COMPANY and Another, Appellants, *v.* WILLIAM H. JOHNSTON, Respondent.

*Order dismissing a complaint not appealable — relief for a mistake or ignorance of fact granted upon motion or by action — defense of an adequate remedy at law.*

There is no authority justifying the taking of an appeal from an order in an action dismissing the complaint upon the pleadings and the opening of counsel.

Mistake or ignorance of fact is a subject of relief only where it constitutes the material ingredient of the contract of the parties, or disappoints their intention by mutual error, or where it is inconsistent with good faith and proceeds from a violation of the obligations which are imposed by law upon the conscience of

either party.   But where each party is equally innocent, and there is no concealment of facts which the other party has a right to know, and no surprise or imposition exists, the mistake or ignorance, whether mutual or unilateral, is treated as affording no foundation for equitable interference.

Although the fact, in regard to which a mistake was made, relates to the entire subject-matter of a contract, it does not authorize relief if such fact could have been discovered by reasonable diligence upon the part of the party seeking to obtain relief.

In case the relief sought may be granted, either on a motion or by an action, it is within the discretion of the court to refuse to settle the rights of the litigants on a motion and compel the moving party to seek his relief in an action.

A defendant in an equitable action who answers cannot avail himself of the defense that the plaintiff had an adequate remedy at law, unless it is pleaded in the answer.   This rule simply prevents the defendant from availing himself, as a matter of right, of the existence of such defense.   (VAN BRUNT, P. J., dissenting.)

When a defendant has failed to interpose such defense, and a trial court refuses to dismiss an equitable action on that ground, its refusal to do so cannot, on appeal, be urged by the defendant as an error.

The trial court may, in its discretion, dismiss an equitable action on the ground that the plaintiff has an adequate remedy at law, notwithstanding the fact that the defendant has failed to interpose that defense, although, since legal and equitable remedies have been administered in the same court, such discretion has been seldom exercised.   (VAN BRUNT, P. J., dissenting.)

APPEAL by the plaintiffs, The Metropolitan Elevated Railway Company and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 25th day of May, 1891, upon the decision of the court, rendered at the New York Special Term, dismissing the plaintiff's complaint, with notice of an intention to bring up for review upon such appeal an order made at the New York Special Term, and entered in said clerk's office on the 19th day of May, 1891, dismissing the plaintiff's complaint.

_Julien T. Davies_ and _J. D. Thomson_, for the appellants.

_M. S. Thompson_, for the respondent.

VAN BRUNT, P. J.:

It appears from the complaint herein that in 1877 the Gilbert Elevated Railway Company, now the Metropolitan Elevated Railway Company, commenced proceedings to condemn easements which they were desirous of occupying for the purpose of the construction

of an elevated railway in the city of New York, appurtenant to certain lands in South Fifth avenue which belonged to one Amos R. Eno, and which included a portion of the street in front of property No. 227 South Fifth avenue, and that an award was made in such proceedings to said Eno which was afterwards duly paid to him.

It is further alleged in said complaint that the defendant in this action, having acquired through divers mesne conveyances the title to No. 227 South Fifth avenue, in 1889 commenced an action in this court against these plaintiffs, alleging that he was the owner in fee of No. 227 South Fifth avenue aforesaid and of certain property rights appurtenant to said premises, including a portion of the bed of said South Fifth avenue immediately in front of and adjoining said premises to the center of said street. This action contained the usual prayer for injunctive relief and judgment for damages. Issue was joined therein, and the same was tried and a decision rendered awarding an injunction unless these plaintiffs should pay this defendant $2,500 as the value of his property rights appurtenant to No. 227 South Fifth avenue. An appeal was taken from such judgment, and while said appeal was pending the parties agreed to settle by the payment of the fee and rental damages and costs. The condemnation proceedings to which Mr. Eno was a party were not pleaded by the defendants in Johnston's action, and the settlement was made in ignorance on the part of both parties that such condemnation proceedings had ever been taken. Subsequent to such settlement, these plaintiffs, having discovered such condemnation proceedings, notified the defendant thereof and asked restitution from him of the several sums of money paid to him as aforesaid, which restitution said Johnston wholly failed and refused to make, and judgment is demanded for various kinds of relief.

The defendant answered denying any knowledge or information sufficient to form a belief as to many of the allegations of the complaint, admitting the proceedings in the action to which the defendant was a party, alleging the validity of the judgment, and that the plaintiffs purposely neglected and still neglect to record conveyances of easements or easements and property rights acquired by them in the office of the register of the city and county of New York so as to be notice to *bona fide* purchasers as by law required and refused to inform the defendant in said action that they claimed

to have acquired any such right in the premises. The defendant further denied any mutual mistake of fact.

Upon the case coming on for trial the court dismissed the complaint, as the judgment recites, on the pleadings and the opening of counsel; and from the order dismissing the complaint and the judgment entered thereupon this appeal is taken.

It is evident that the appeal from the order must be dismissed, with ten dollars costs, as there is no authority for the taking of such an appeal.

Upon the appeal from the judgment it will be necessary to consider the disposition of the case by the court as an adjudication that the complaint did not state facts sufficient to constitute a cause of action.

It is urged that the ground upon which the court dismissed the complaint was that it contained no allegation that the plaintiffs had no adequate remedy at law. And it is claimed that the rule is well established that if such an objection is to be insisted upon, it shall be raised by answer. For this position the plaintiffs seem to have respectable authority. In the case of *Ostrander* v. *Weber* (114 N. Y. 102) it is stated as a rule of law that in an equity action the defendant in order to insist that an adequate remedy at law exists, must set it up in his answer; and cites as authorities the case of *The Town of Mentz* v. *Cook* (108 N. Y. 504). Upon reference to this case it will be seen that it is stated that it appears to be settled by the general concurrence of authority that a defendant cannot, when sued in equity, avail himself of the defense that an adequate remedy at law exists unless he pleads that defense in his answer. (*Grandin* v. *Le Roy*, 2 Paige, 507; *Le Roy* v. *Platt*, 4 id. 77; *Truscott* v. *King*, 6 N. Y. 147; *Cox* v. *James*, 45 id. 557; *Green* v. *Milbank*, 3 Abb. N. C. 138, and *Pam* v. *Vilmar*, 54 How. 235.)

An examination of these cases shows that no such rule has been laid down. In almost all the cases the question came up upon the trial, and all that was held or was necessary to be held, was that it was too late then to take the objection. And in the case of *Grandin* v. *Le Roy* (*supra*), which is the original authority for all these decisions, it is held that the objection is waived unless it is taken by demurrer or answer; that it is a question going to the jurisdiction of the court, and unless the objection to such jurisdiction is taken

by demurrer or answer it is deemed to be waived, and such objection will not be entertained upon the trial. And that is all that it has ever been necessary to decide in any of the cases which have been cited, the language of which seems to infer, excepting the case of *Green* v. *Milbank*, that such objection can only be taken by answer. In the case last cited the language of the court is that the objection must be taken at the earliest opportunity and by answer. It is manifest, it being an objection to jurisdiction appearing if at all upon the face of the complaint, that it may be taken as well by demurrer as by answer.

Under these rules, however, this objection having been taken for the first time at the trial, it cannot avail, there being nothing in the pleadings in respect thereto.

We then come to the question as to whether the plaintiffs can be relieved upon the ground of mistake.

Our attention has been called to no authorities bearing directly upon the question involved. But it would seem that under the facts appearing in the case at bar the plaintiffs are not entitled to relief because it does not appear that the plaintiffs could not have ascertained by the use of reasonable diligence the facts which are now claimed to furnish the grounds for equitable interposition.

The rule is laid down in Snell's Principles of Equity (10th ed.), 536, as follows : " As to mistakes of fact the general rule is that an act done or contract made under a mistake (*i. e.*, in ignorance) of a material fact is voidable and relievable in equity. But in order to obtaining such relief the fact must be material to the act or contract, and if the act or contract is not materially affected by it, the party claiming the relief on that immaterial ground will be denied it. But assuming that the fact is material, then whether the mistake is that of one party only to the contract, or is the mistake of both parties, relief will be given, varying only in its nature according as the mistake is unilateral or is mutual ; *e. g.*, if a person shall sell a messuage to another, which was at the time swept away by a flood without either party having any knowledge of the facts, equity would relieve the purchaser upon the ground that both parties intended the purchase and sale of a subsisting thing, and implied its existence as the basis of their contract ; and on the same principle a contract to purchase property which is already the purchaser's own is reliev-

able, and that whether the mistake is of the purchaser only or is the mistake of both parties. But it is not sufficient in general to show that the fact is material; it must in general also be shown that the fact is one which could not, by reasonable diligence, have been known: for if by reasonable diligence the fact would have become known, equity will not relieve, since that would be to encourage culpable negligence on the part of persons whose duty it is to make all due inquiries."

The writer then alludes to the fact that where one contracting party has knowledge of a material fact which he does not communicate to the other, it is the rule that in order that the latter may set aside the transaction on the ground of the other party's withholding of that fact, the former should have been under an obligation, not merely moral, but legal or equitable, to make the discovery. So also, where the means of information are open to both parties, and where each is presumed to exercise his own skill, intelligence and judgment with regard to the subject-matter, and where there is no confidence reposed, but where each is dealing with the other at arm's length, equity will not relieve. And, therefore, where the fact (not being a fact amounting to the entire subject-matter of the contract) is equally unknown to both parties, or where each has an equal amount of information, or where the fact is doubtful from its own nature, in either of such cases, if the parties have acted with entire good faith, a court of equity will not intervene. The general ground upon which all these distinctions proceeds is that mistake or ignorance of fact is subject of relief only where it constitutes the material ingredient of the contract of the parties, or disappoints their intention by mutual error, or where it is inconsistent with good faith, and proceeds from a violation of the obligations which are imposed by law upon the consciences of either party. But where each party is equally innocent, and there is no concealment of facts which the other party has a right to know, and no surprise or imposition exists, the mistake or ignorance, whether mutual or unilateral, is treated as laying no foundation for equitable interference.

The only ground, therefore, upon which, under these rules, the plaintiffs can claim relief, is that the fact which was unknown was not only material, but amounted to the entire subject-matter of the contract.

In the case at bar it might very well be claimed that the fact did amount to the entire subject-matter of the contract, because it related to the title of the property which was the subject-matter of the settlement between the parties to this action. But even this does not authorize relief if the fact could have been discovered by reasonable diligence upon the part of the plaintiffs.

There is no allegation tending to show that by reasonable diligence they could not have discovered the fact in question. Various excuses are given — as that the plaintiffs succeeded to the rights of other parties; that their immediate successor, through an intermediary, paid the purchase money, and that changes in the management of the elevated railroads have occurred. But it nowhere appears that any inquiry in regard to the title of this property was made upon the part of the plaintiffs or any attempt to ascertain its previous history, or whether it had been acquired on not. Certainly the taking of no steps to ascertain as to the validity of the title of the defendant is not using reasonable diligence. It seems to us, therefore, that upon this ground the judgment was correct and that the same should be affirmed, with costs.

Follett, J.:

I concur in the opinion of the presiding justice, except that part which discusses the rule governing the necessity of pleading · the defense of the existence of an adequate remedy at law. That question does not seem to be involved in this case.

In case the relief sought may be granted on a motion or by an action, it is within the discretion of the court to refuse to settle the rights of the litigants on a motion and compel the moving party to seek his relief in an action. (*Hill* v. *Hermans*, 59 N. Y. 396; *Montrait* v. *Hutchins*, 49 How. Pr. 105.) This is frequently done when the right of the moving party to the relief sought depends upon the determination of an issue of fact. When there is a sharp controversy over a material issue of fact it can usually be more satisfactorily settled by hearing the witnesses examined and cross-examined than by reading their affidavits. But there is nothing in the record before us which indicates that the court dismissed the complaint on the ground that the plaintiffs should have sought their

relief by motion. The practice before referred to has no relation to the rule that a defendant in an equitable action cannot avail himself of the defense that the plaintiff has an adequate remedy at law, unless it is pleaded in the answer, when he answers, which seems to be well established by the cases cited in *Tucker* v. *Manhattan Ry. Co.* (78 Hun, 439), in which this court recognized and applied the rule. Such is the rule in other jurisdictions. (1 Dan. Ch. P. & P. [6th Am. ed.] 549, 556, 624, 630 and cases there cited; Story Eq. Pldgs. [10th ed.] § 473 and cases cited; Mitf. Ch. Pldgs. [6th Am. ed.] 263; *Brown* v. *Lake Superior Iron Company*, 134 U. S. 530, 536.) This rule simply prevents the defendant from availing himself *as a matter of right* of the existence of the defense that the plaintiff has an adequate remedy at law. When the defendant has failed to interpose this defense, and the trial court refuses to dismiss the equitable action on that ground, the refusal cannot be urged by the defendant as error on appeal. But the trial court may, in its discretion, dismiss an equitable action on the ground that the plaintiff has an adequate remedy at law though the defendant failed to interpose that defense, but, since legal and equitable remedies have been administered in the same court, this discretion has seldom been exercised.

In case it appears on the face of the bill or complaint that the plaintiff has an adequate remedy at law, the objection may be raised by demurrer, but in the cases referred to the defendants answered and failed to raise the objection in their answers. It is not held in these cases that the defense, that there is an adequate legal remedy, may not be raised by demurrer when the defect appears on the face of the complaint or bill.

PARKER, J., concurred.

Judgment affirmed, with costs.