TRIPP et al. v. HUNT et al.

(Supreme Court, Appellate Division, Third Department. November 21, 1899.)

EQUITY — PLEADING — DEFENSIVE MATTER—ADEQUATE REMEDY AT LAW—DE-
MURRER.

In an action to compel defendant to return to plaintiffs, with his indorse-
ment as administrator, a certificate of deposit, of which plaintiffs are
owners, so that upon presentation thereof to the bank, so indorsed, they
may obtain the money thereon, without which the bank refuses payment,
an objection that plaintiffs have an adequate remedy at law against the
bank, which by virtue of peculiar circumstances operates to discharge the
defendant in equity, must be ·affirmatively shown by answer, and cannot
be raised by demurrer.

Appeal from trial term, Cortland county.

Action by Daniel B. Tripp and another, as administrators with
the will annexed of the estate of John L. Haviland, deceased, against
Hermon D. Hunt, as administrator of the estate of Mary S. Haviland,
deceased, and the First National Bank of Cortland. Judgment for
defendant Hunt upon demurrer, and plaintiffs appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

Kellogg & Van Hoesen, for appellants.
T. E. Courtney, for respondent.

LANDON, J. The complaint sets forth but one cause of action,
namely, a right existing in the plaintiffs to have the defendant Hunt
return to them, with his indorsement as administrator, a certificate
of deposit in the defendant bank, of which certificate they are the
owners, to the end that, upon plaintiffs' presentation thereof to the
bank so indorsed, they may obtain the money thereon, which the
bank meantime, because of the nonpresentation of the certificate so
indorsed, withholds. That the plaintiffs have an adequate remedy at
law is defensive matter, and should be set up by answer. Tucker v.
Railway Co., 78 Hun, 439, 29 N. Y. Supp. 202, and cases there cited.
It does not affirmatively appear upon the face of the complaint that
the plaintiffs have an adequate remedy at law against both defend-
ants in a single action or against ·the demurring defendant. The
complaint does not state that he is responsible. Moreover, he is here
charged as administrator, and joined with the bank; and to say that
he might have been sued alone individually, at law, is like saying that
the plaintiffs might have sued somebody else. The appellants' con-
tention that the plaintiffs have an adequate remedy at law against
the bank, if it had been pleaded, would have been like an allegation
that he is not liable because somebody else is. If the plaintiffs have
an adequate remedy at law against the bank, and if, by virtue of any
peculiar circumstances, that operates to discharge the defendant in
equity, his pleading should affirmatively show it. This his demurrer
does not do.

The interlocutory judgment is reversed, with costs, and judgment
directed for plaintiffs upon the demurrer, with costs, with usual leave
to the defendants to answer on payment of costs. All concur, except
PUTNAM, J., not voting.