(36 Misc. Rep. 7.)

## McCANN et al. v. HAZARD et al.

(Supreme Court, Special Term, Chemung County. March 21, 1901.)

1. PLEADING—DEMURRER.

A demurrer to an answer searches the entire record, and all the pleadings are to be considered in its determination.

2. SAME—SUFFICIENCY.

A demurrer that an answer containing a defense consisting of new matter "does not state sufficient facts to constitute a defense" is not good under Code Civ. Proc. § 494, authorizing the plaintiff to demur to such an answer on the ground that it "is insufficient in law on the face thereof."

3. EQUITY—COMPLAINT—SUFFICIENCY—ANSWER.

Where a complaint in a suit in equity fails to allege that the plaintiff has no adequate remedy at law, the defendant is not required to raise such objection by demurrer, but may allege the existence of an adequate remedy in his answer.

4. PARTNERSHIP—DECEASED PARTNER—RIGHTS OF SURVIVOR.

Where a partner dies, the surviving partner takes the legal title to the partnership property, subject to the equitable right of the deceased partner to a distribution of surplus after the payment of debts.

5. SAME—DEATH OF SURVIVING PARTNER.

Where a surviving partner dies, his executor takes a legal title to the partnership property for the purpose of settling his estate, but does not succeed him as surviving partner.

6. EQUITY—PLEADING—DEMURRER—JUDGMENT.

Where an answer in equity alleges that plaintiff has an adequate remedy at law, plaintiff's demurrer thereto should not be sustained, even though the defendant has mistaken the application of the rule, since in suits in equity the decree depends on the facts disclosed at the trial, and is not limited to those existing at the commencement of the suit.

Suit by George McCann, as administrator of the estate of William A. Gildea, deceased, and another, against Anna Hazard, as executrix of Charles Hazard, deceased, and another. Demurrer to answer overruled.

H. H. Rockwell (George McCann, of counsel), for plaintiffs.
James Flynn (E. H. Benn, of counsel), for defendants.

FORBES, J. This is an action in equity, the plaintiffs and the defendants, respectively, representing deceased co-partners. Prior to September 25, 1897, William A. Gildea and Charles Hazard were co-partners engaged in business under the name of the Elmira Roofing Company, located at Elmira, N. Y. On or about the 25th day of September, 1897, Charles Hazard died, leaving a last will and testament by which he appointed Anna Hazard, his wife, as executrix, and James E. Hazard, his brother, as executor. Said will was duly admitted to probate on or about the 15th day of October, 1897, at which time the defendants entered upon the performance of their duties under said will. The other co-partner, William A. Gildea, then became the surviving partner of said firm. He died on or about the 28th day of October, 1897, intestate, and letters of administration were duly granted by the surrogate of the county of Chemung to the plaintiffs, Elizabeth M. Gildea and George McCann, both residents of the city of Elmira, N. Y., and they subsequently entered upon the discharge of their duties as such representatives. On the death of said Hazard, William A. Gildea, the surviving partner of said company, became the owner, for the purposes of said co-partnership, of the assets of said roofing company; and he continued to transact and carry on the business of said firm down to the time of his death. After the plaintiffs and the defendants had entered upon the performance of their duties, each proceeded separately, as the representatives of the respective estates of said co-partners, to collect the accounts and assets of said firm, and to pay certain outstanding indebtedness of said co-partners. A controversy arose between the representatives of the two branches of said former co-partnership as to the application of the assets of said firm so collected. Being unable to agree or neglecting to adjust the matters between themselves as the representatives of said co-partnership, having in their hands as such representatives of said firm certain of the assets of said co-partnership, and some dispute having arisen between them as to the application of the partnership funds, the payment of the individual debts of William A. Gildea, one of the said partners, and the use by said co-partners in their lifetime of the funds of said company as between each other, this action is brought in equity, upon the theory of an accounting as under said co-partnership, and for an adjustment of the claims of each of said estates as against the other in relation to the matters arising out of said co-partnership. The defendants answered the complaint of the plaintiffs herein: First. By admitting that they had received divers sums of money as the proceeds of the property of the Elmira Roofing Company, but which funds, the defendants assert, were dis-

posed of by them, or had been expended as had been agreed upon, settled, and adjusted by and between the parties to this action, under and in pursuance of an agreement between them bearing date July 20, 1899. Second. Then follow subdivisions 2, 3, and 4 in said answer, setting forth denials of any knowledge or information sufficient to form a belief of certain other material allegations of the complaint. Third. For a fifth and further answer and defense to said complaint the defendants plead that the equitable jurisdiction of the court ought not to be invoked or entertained in this action, for the reason that the plaintiffs have a complete and adequate remedy at law for the determination of their rights as such representatives of said co-partnership against the defendants in this action. To the fifth paragraph of the defendants' answer the plaintiffs demur, and state as the grounds of said demurrer, in form, as follows:

"The plaintiffs in the above-entitled action demur to that portion of the amended answer interposed by the defendants in the above-entitled action, and designated as paragraph five therein, and to the defense set up in paragraph five, for insufficiency, in not stating facts sufficient to constitute a defense to the action alleged and set forth in the plaintiffs' amended complaint, and, for relief, ask that that portion of the defendants' amended answer be dismissed, with costs."

An issue of law having been thus presented to the court, after an oral argument at the Chemung special term, held on the 19th day of March, 1901, the pleadings were submitted.

The defendants' attorney raises the question, first, that the plaintiffs' demurrer is defective; that, in substance and form, said demurrer is insufficient to raise the questions sought to be submitted to the court. It is undoubtedly true that, in the decision of the issue raised, the court must resort to each of the pleadings for the purpose of testing the rights of the respective parties. Corning v. Roosevelt, 11 N. Y. Supp. 758, 25 Abb. N. C. 220, and note; Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251, 1 L. R. A. 281; Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9; Coatsworth v. Railway Co., 156 N. Y. 451, 51 N. E. 301; Greeff v. Assurance Soc., 160 N. Y. 19, 54 N. E. 712, 46 L. R. A. 288, 73 Am. St. Rep. 659. Under the present practice the only grounds of demurrer by a plaintiff to the defendant's answer are confined to the Code of Civil Procedure. The demurrer attacks the fifth paragraph of the amended answer by the declaration "that said amended answer is insufficient for the reason that it does not state facts sufficient to constitute a defense." Is this form of demurrer good? Under section 494, Code Civ. Proc., "the plaintiff may demur to a counterclaim or a defense setting up new matter, contained in the answer, 'on the ground that it is insufficient in law, upon the face thereof.'" Golden v. Health Department, 21 App. Div. 420, 47 N. Y. Supp. 623. Under section 487 the only pleading on the part of the defendant is either a demurrer or an answer. Under subdivision 5 of section 495 the plaintiff may demur to a counterclaim set forth in a defendant's answer, where the defendant demands an affirmative judgment, but the objection thereto must appear on the face of the counterclaim. Under this section of the Code a demurrer must

state "that the counterclaim does not state facts sufficient to constitute a cause of action." It seems to me that the only ground of demurrer by the plaintiffs to new matter set forth in the defendants' amended answer is found under section 494. It is specific in form, and must be made "on the ground that it is insufficient in law upon the face thereof." This section is a substitute for section 155 of the Code of Procedure. If my position is correct, the plaintiffs' demurrer is defective in form as an issue, and is therefore bad. A demurrer is a technical pleading, and it is the duty of the court to examine the plaintiffs' pleadings critically, and if a material defect is pointed out an issue is not raised in that respect. Corning v. Roosevelt, 11 N. Y. Supp. 758, 25 Abb. N. C. 220, and note. The defendants having a right to demur to or to answer any material allegation of the plaintiffs' complaint, they have elected to answer. The complaint nowhere contains a specific, affirmative allegation that the plaintiffs have no adequate remedy at law. Tripp v. Hunt, 45 App. Div. 100, 61 N. Y. Supp. 585. The defendants therefore could not specifically meet that allegation, and in that manner make an issue. The plaintiffs' complaint does set forth certain facts from which they ask the court to infer that no adequate remedy at law does exist. Therefore that such remedy, in the first instance, has not been resorted to by the plaintiffs. I think that those allegations of the complaint have been put in issue by the defendants' answer. The defendants, availing themselves of their right to set up the defense affirmatively as new matter, have done so under subdivision 5 of said amended answer, to which this demurrer has been interposed. Had the plaintiffs specifically pleaded that there is no adequate remedy at law, the defendants might then have specifically denied that allegation. By the plaintiffs' omission to show that fact affirmatively, as the foundation for beginning an action in equity, was it not the duty of the defendants, if they desired to take advantage of the complaint, to answer by setting up such new matter as a defense? If I am correct, then, the answer was not only necessary, but it is a proper and a material answer to the complaint. If good in form, that answer is not demurrable, assuming that this action is an equitable action. Tucker v. Railway Co., 78 Hun, 439, 29 N. Y. Supp. 202; Tripp v. Hunt, 45 App. Div. 100, 61 N. Y. Supp. 585; Garrett v. Wood, 57 App. Div. 242, 68 N. Y. Supp. 157; Town of Mentz v. Cook, 108 N. Y. 504, 15 N. E. 541; Lough v. Outerbridge, 143 N. Y. 271, 38 N. E. 292, 25 L. R. A. 674, 42 Am. St. Rep. 712; Wakeman v. Wilbur, 147 N. Y. 657, 42 N. E. 341. It is true, perhaps, that the question might have been raised by the defendants on the trial, but still, under the complaint, that might have been a dangerous experiment. See Lough v. Outerbridge, 143 N. Y. 271, 38 N. E. 292, 25 L. R. A. 674, 42 Am. St. Rep. 712; Wakeman v. Wilbur, 147 N. Y. 657, 42 N. E. 341. The delay in raising the question by an answer might have embarrassed the plaintiffs at the trial.

On the death of one member of a co-partnership the surviving member becomes the legal owner of the assets of the firm. The survivor has the exclusive right to sell, mortgage, and dispose of

the fund, in the performance of his duty in closing up the affairs of the co-partnership. The surviving partner does not take such assets as trustee, but as survivor, in the nature of a trust, holding the legal title subject to the equitable right of the deceased partner to have the assets applied first to the payment of the firm's debts, then to a distribution of any surplus. Williams v. Whedon, 109 N. Y. 333, 16 N. E. 365, 4 Am. St. Rep. 460; Durant v. Pierson, 124 N. Y. 444, 26 N. E. 1095, 12 L. R. A. 146, 21 Am. St. Rep. 686; Bell v. Hepworth, 134 N. Y. 442, 31 N. E. 918; Preston v. Fitch, 137 N. Y. 41, 33 N. E. 77; Russell v. McCall, 141 N. Y. 437, 36 N. E. 498, 38 Am. St. Rep. 807. The firm and the co-partnership having been dissolved by the death of Charles Hazard, William A. Gildea, the plaintiffs' intestate, became the surviving partner of that firm; and the title to the property, while it did not vest in him absolutely, still it gave to him legal control over the firm assets, prior and up to the time of his death; and his representatives are substituted to his rights and take his place, not in the firm, but to receive and settle his estate. It is probably on this theory that the defendants claim that the plaintiffs have in fact an adequate remedy at law against the defendants. At all events, if they mistake the application of the rule, still it is a question for the court to decide when the real situation shall have been disclosed by the evidence, since in equitable actions the right to judgment is not limited to the facts as they exist at the time of the commencement of the action, but the relief to be administered must be such as the nature of the case and the facts disclose at the close of the trial of the action. Sherman v. Foster, 158 N. Y. 587, 53 N. E. 504. If there is an adequate remedy at law, then, so far as that remedy exists and can be enforced at law, clearly an equitable action ought not to be entertained by the court. Watts v. Adler, 130 N. Y. 646, 29 N. E. 131; Williamsburgh Sav. Bank v. Town of Solon, 136 N. Y. 465, 32 N. E. 1058. While an action in equity for an accounting between co-partners may be an appropriate remedy, still it may not be an exclusive remedy to adjust and settle the co-partnership affairs, after it has been dissolved, and the assets are in other hands, by the death of each member of the firm. Watts v. Adler, 130 N. Y. 646, 29 N. E. 131.

It seems to me that there is so much doubt in this case about the propriety and form of the plaintiffs' plea by demurrer, and also in the application of the facts stated in the complaint to an action solely in equity, that the demurrer ought to be overruled, with costs. Judgment is ordered accordingly, with leave to the plaintiffs to plead in such manner as they may be advised, within 20 days after the entry of judgment and due notice thereof.